## PLAINS DRILLING CO. v. CHRISTY.

### No. 3321.

Court of Civil Appeals of Texas. Amarillo.
Feb. 12, 1930.

Underwood, Johnson, Dooley & Simpson, of Amarillo, for appellant.

Lewright & Engledow, of Pampa, for appellee.

HALL, C. J.

The appellee, Christy, sued the appellant drilling company and one William Hill for damages alleged to have resulted to plaintiff's house by reason of the negligence of defendants in driving a truck owned and operated by them against the house.

We adopt the appellant's statement of the pleadings and nature of the case, concurred in by the appellee, in substance as follows:

Plaintiff alleged that on or about the 25th day of September, 1928, he was possessed of a certain house and was moving same to the town of Pampa, Gray county, Tex., at about 3 o'clock a. m., on the public highway leading from the town of Amarillo, Tex., to Pampa, Tex.; that said house was mounted upon wheels set under each of the four corners of said house and was being pulled and drawn along the highway by a truck; that plaintiff was keeping a careful lookout and using every precaution to prevent any blocking of the highway or interference with travel; that lights were placed on the corners of the house being drawn behind the truck and that same were plainly visible for a distance of one-fourth or one-half a mile; that plaintiff was going in an easterly direction toward the town of Pampa; that the defendants, at said time and place, were operating a truck upon said highway, traveling in a westerly direction and toward the approaching truck and house of plaintiff; that defendants' truck was being operated in an unlawful, careless, and negligent manner, and at an unlawful and reckless speed at approximately 50 miles per hour, and was being driven on the left-hand side of the road; that the brakes on the truck of defendants were not in proper condition; that while driving the truck in such manner, and when the driver of defendants' truck was failing to maintain a lookout ahead of him, defendants ran said truck into the house of plaintiff, causing the alleged injury which is the basis of the suit; that said collision and injury to the plaintiff's house was proximately caused by negligence of the defendants in the following particulars:

(a) In driving at an unlawful and reckless rate of speed;

(b) In operating said truck when the brakes on same were not in proper condition;

(c) In driving upon the left-hand side of the road;

(d) In driving said truck in a careless, imprudent, and unlawful manner; and

(e) In failing to maintain a proper lookout.

That the house of plaintiff immediately prior to the accident was well and reasonably worth the sum of $2,000, and as an immediate result of the collision and immediately after same, said house was only well and reasonably worth $1,525, by reason of which plaintiff was damaged in the sum of $475.

The defendant Plains Drilling Company answered by general demurrer, special exceptions, general denial, and specially pleaded that plaintiff was guilty of negligence directly causing and producing the damage, if any he suffered, in that:

(1) The point of collision between defendants' truck and plaintiff's house was on a public road and traveled thoroughfare of insufficient width to permit automobiles and other vehicles to pass said house without driving out of the road and into a ditch along the side of the road; that automobiles and other vehicles could not at said time and place pass the house of the plaintiff without going into the ditch.

(2) That no proper lookout was kept or any precaution taken in the moving of said house to prevent injuries to other travelers on the highway, and no lights were placed on said house to warn approaching vehicles of the presence of same, and that the truck of the plaintiff was being operated at night and had turned on bright headlights sufficient to blind any one in approaching vehicles so that the house behind said truck was not visible.

(3) Defendant specially denied each and all of the acts set forth in plaintiff's first amended original petition.

(4) Defendant pleaded that it was negligence on the part of the plaintiff to attempt to move such house along the public roadway at 3 o'clock in the morning, and that it was negligence to attempt to move such house along such roadway at any time, day or night, and was an improper and illegal use of such highway, since the said house of the plaintiff practically blocked the entire roadway.

(5) That it was negligence on the part of the plaintiff not to have a lookout moving in front and behind the house to warn the defendant and other travelers along the highway of the approach of the truck and house belonging to plaintiff.

(6) That it was negligence on the part of the plaintiff not to have sufficient lights and warning signals on such house.

(7) That it was negligence on the part of the plaintiff to have used or attempted to use such highway for the purpose of moving such house along the highway without having secured permission to use and block the highway.

(8) That defendant was operating said truck upon said highway in a lawful and prudent manner, but, being blinded by the lights of plaintiff's truck, was unable to see the approaching truck and house of plaintiff, and while driving to the right of said truck, and after passing the truck of the plaintiff, ran into the house of plaintiff, which he could not see until too late to stop his truck, although the brakes on defendants' truck were in proper condition.

(9) That the plaintiff's injuries, if any were suffered by him, were a direct and proximate result of his own negligence in carelessly and negligently driving such truck pulling the house along the public highway during the night and under the circumstances detailed.

By way of cross-action, defendant pleaded that the plaintiff was guilty of negligence in the particulars above enumerated, and that defendant was operating its truck in a lawful and prudent manner, and by reason of the collision with said house of plaintiff, the truck of defendant was injured in the amount of $975, for which defendant asks judgment against the plaintiff.

The issues were submitted to a jury, and, based upon the verdict, Christy recovered against the drilling company a judgment in the sum of $350, besides interest and costs. By the terms of the judgment, Hill was dismissed.

By the first proposition it is insisted that because plaintiff failed to plead the market value of the house alleged to have been injured, the court erred in submitting to the jury issues inquiring as to its market value before and after the accident.

The plaintiff alleged that, "immediately prior to the said collision, plaintiff's house was well and reasonably worth the sum of $2,000.00 and as an immediate result of said collision, and immediately after the same, said house was only well and reasonably worth the sum of $1,525.00." A piece of property is worth what it will bring in the market, and to allege the value of property immediately before the injury and its value immediately thereafter is, in effect, alleging its market value at such times. The plaintiff testified that he knew the market value at the time and place in question and stated what he thought such values were, and the court did not err in submitting the issues of market value to the jury.

The defendant, by its cross-action, affirmatively pleaded that it was negligence on the part of the plaintiff to move the house along the public highway at the time and under the conditions shown to exist at the time of the collision. The defendant alleges that at the point where the collision between defendant's car and plaintiff's house occurred, the public road had been graded up and designated as a state highway. That the graded portion of the roadway was only about thirty feet in width, with ditches running on each side of the road for drainage purposes. That plain-

tiff's house was of such width as to practically cover the entire roadway, rendering it difficult, if not impossible, for other vehicles traveling along the road to pass said house, and requiring such vehicles to turn off of the main road and into the ditch. That plaintiff was further guilty of negligence in attempting to move the house along a public highway at 3 o'clock at night, and was an illegal, unauthorized, and improper use of the highway, in that plaintiff, in so doing, practically blocked the entire width of the roadway, thus endangering the lives and property of travelers.

Defendant requested the court to submit the following special issues:

No. 4. "Was the plaintiff negligent in moving the house along the public road in question at the time of the collision?"

No. 4-a. If you have answered the preceding question No. 4 in the affirmative, then was such negligence the proximate cause of the collision?"

The court refused to submit these issues, and the defendant objected to the charge because of such refusal.

■ There is sufficient evidence in the record to raise the issue of negligence under the allegations, and we think the court erred in refusing to submit such issues. Fox v. Dallas Hotel Co., 111 Tex. 461, 240 S. W. 517.

Defendant pleaded that at the time of the accident its truck was being driven by Hill, who saw what he believed to be a truck or automobile approaching; that he turned to the right and passed the front of the truck, but could not and did not see the house behind the truck until after he had passed the headlights of the truck; that in turning around the truck, believing that he had passed, and without any knowledge that there was a house attached to it, he began to swing his car to the left to reach the traveled portion of the highway, when he saw the house for the first time; that he applied his brakes, which were in good condition, and did all he could to stop the car, but was unable to do so.

In response to special issue No. 3 submitted by the court, the jury found that the driver Hill failed to maintain a proper outlook ahead of him at and immediately prior to the collision.

The defendant requested the following special issue, which was refused: "If you have answered special issue No. 3, as submitted in the Court's main charge 'Yes', then could the defendant's driver Hill, by the exercise of ordinary care, have seen the trailing house behind the plaintiff's pulling truck in time to have avoided such collision?"

■ The jury having found that Hill failed to maintain a proper lookout, he was guilty of negligence, and it becomes an immaterial inquiry whether by the exercise of ordinary care he could have seen the house. It is our opinion that the court did not err in refusing to submit the requested special issue.

The appellant further insists that the case having been submitted to the jury on special issues, the court erred in refusing to charge the jury with reference to the burden of proof with respect to each of the issues submitted.

It is held that a charge on the burden of proof is not necessary or proper in every case. Davis v. Hill (Tex. Civ. App.) 291 S. W. 681; Id. (Tex. Com. App.) 298 S. W. 526; and in Ford v. Couch (Tex. Civ. App.) 16 S.W. (2d) 869, it is held that in cases submitted upon special issues, it is not ordinarily proper to charge that burden on any issue is on one party or the other. Texas & P. Ry. Co. v. Bufkin (Tex. Civ. App.) 19 S.W.(2d) 343. In cases in which evidence is introduced by the respective parties tending to prove and disprove the issues of fact involved in the cause, occasion does not arise for declaration upon whom the burden of proof rests; for the question then becomes merely one of preponderance of evidence, which is for the decision of the jury under all the evidence introduced, whether this be direct or circumstantial. In such cases a charge upon the burden of proof is more likely to mislead than to give a jury a correct view of their duties. Stooksbury et al. v. Swan et al., 85 Tex. 563, 22 S. W. 963; Tarwater v. Donley County State Bank (Tex. Civ. App.) 277 S. W. 176.

■ The court did not err in refusing to charge the jury with reference to the burden of proof with respect to each of the issues submitted to the jury in this case.

Because of the error pointed out, the judgment is reversed, and the cause remanded.