**DOLLIE ADAMS OIL CORPORATION, Appellant,**

v.

**G. B. CREE, Jr., et al., Appellees.**

No. 6494.

Court of Civil Appeals of Texas.

Amarillo.

May 16, 1955.

See, also, 259 S.W.2d 311.

---

Braly & Braly, Pampa, for appellant.

Curtis Douglas and Don Cain, Pampa, for appellees.

PITTS, Chief Justice.

This is an appeal from a suit on a verified account for alleged labor and oil machinery furnished under contract, filed by appellees, G. B. Cree, Jr., R. E. Reid, Edna Windsor, a feme sole, and E. E. Wilson, co-partners doing business under the trade name of Windsor Servicing Company, against appellant Dollie Adams Oil Corporation, which denied the account under oath. The case was tried to a jury upon special issues, as a result of which judgment was accordingly rendered upon the verdict for appellees for the sum of $1,602.25, from which judgment appellant perfected an appeal.

Appellant charges that the manner in which the trial court submitted certain special issues to the jury constituted a comment upon the weight of the evidence, referred the jury to a portion of appellees' pleadings and failed to state all of the elements of the contract upon which appellees based their claims. Appellant further charges in effect that such special issues should not have been submitted to the jury but that its special requested issues should have been submitted in lieu thereof.

As a basis for comparison, one of the special issues submitted by the trial court was given in the following language:

"Do you find from a preponderance of the evidence that the several items of services and labor, as listed in the Plaintiffs' verified account, marked Exhibit 'A', were performed by the Plaintiff, as alleged in the Plaintiffs' petition?"

Appellant contends that in lieu thereof its special requested issue concerning the same subject matter should have been submitted to the jury in the following language:

"Do you find from a preponderance of the evidence that the invoices covering items in question were approved and accepted by H. B. Phillips or any one in behalf of the defendant in the usual course of business?"

Another special issue was submitted to the jury by the trial court in the following language:

"Do you find from a preponderance of the evidence that the items of services and labor as listed in the Plaintiffs' verified account marked Exhibit 'A' were ordered by H. B. Phillips?"

Appellant contends that in lieu thereof its special requested issue concerning the same subject matter should have been submitted to the jury in the following language:

"Do you find that upon a preponderance of the evidence that work done and covering items in question were approved and accepted by H. B. Phillips or any one in behalf of Defendant in usual course of business?"

The record reveals that appellees' Exhibit "A" referred to in the issues submitted was

pleaded by appellees and was introduced in evidence showing the labor in question was performed in October, November and December of 1951. According to the testimony of Dollie Adams, appellant's president and manager, and appellant's superintendent of long experience as such, O. E. Drake, H. B. Phillips was appellant's assistant superintendent in October November and December of 1951, and had authority to order the work in question done and to bind the appellant to pay for the same if done, but that H. B. Phillips was discharged by appellant in February of 1952, without revealing to appellant any approval by him of appellees' alleged account sued on here. The two special issues previously quoted herein were all that were submitted to the jury by the trial court and the jury gave affirmative answers to both issues, which answers resulted in the judgment for appellees.

In our opinion the language used by the trial court in submitting the two issues to the jury sought and obtained the same results as the language used by appellant in its two requested special issues would have obtained. In the first instance, the issue submitted to the jury inquired if the "services and labor marked Exhibit 'A' were performed by appellees" while appellant's requested special issue inquired if "the invoices covering the items in question were approved and accepted by H. B. Phillips." The "invoices covering the items in question" mentioned in appellant's requested special issues referred to the "services and labor marked Exhibit 'A'" mentioned in the special issues submitted. In the second instance, the special issue submitted to the jury inquired if "the items of services and labor marked Exhibit 'A' were ordered by H. B. Phillips," while appellant's requested issue inquired if the "work done and covering the items in question were approved and accepted by H. B. Phillips." We find no material difference in the purport of the special issues submitted and of the special issues requested by appellant except that appellant's requested issues assumed that the labor in question had been performed while the issues submitted to the jury did not assume such.

Trial courts are not required to submit requested special issues which are substantially and sufficiently covered by the main charge. Thomas v. Billingsley, Tex. Civ.App., 173 S.W.2d 199. In our opinion the language used in submitting the two special issues presented the controlling questions and did not constitute a comment by the trial court upon the weight of the evidence.

The trial court is required to submit only the controlling issues made by the pleadings and the evidence and it is given much discretion in framing and submitting the issues accordingly. The trial court is not required to submit various phases or different shades of material issues submitted. Dallas Railway & Terminal Co. v. Straughan, Tex.Civ.App., 254 S.W.2d 882.

Appellant complains here because of the "trial court's failure to follow the 'if any' theory in said special issues submitted" but it will be observed that appellant also failed to "follow the 'if any' theory" in its special requested issues presented. The evidence conclusively revealed that the labor in question had been performed by appellees. Appellant's witness, Superintendent O. E. Drake, under whose direction Phillips worked, testified that he was in no position to deny that the labor in question was performed and there was no denial by any witness to the effect that the alleged labor was not performed. Appellant seems to contend that if the labor in question was performed it was done upon the order of Phillips, who admittedly had proper authority at the time, but Phillips had been subsequently discharged by appellant without advising appellant of such labor or of any obligation of appellant therefor. Phillips did not testify at the trial. Under the record before us it appears that the two issues submitted to the jury were satisfactorily drawn as to form without "following the 'if any' theory" suggested by appellant in its brief. It is our opinion that the trial court met the requirements of the Texas Rules of Civil Proce-

dure in submitting the controlling issues and did not in any event commit any reversible error in submitting the said issues raised by the pleadings and the evidence in the case at bar.

In Point 7 appellant complains because the trial court admitted in evidence eight copies of original invoices of work and services allegedly performed by appellees the same being "appellees' Exhibits 'D' through 'K'," together with a copy of a letter because the same was not the best evidence available. In connection with this point, appellant does not direct our attention to any assignment of error relied upon for support in this said point as it is required to do under the provisions of Rule 418. Under the provisions of Rule 374 a motion for a new trial in a jury case such as this shall constitute the assignments of error and "a ground of error not distinctly set forth in the motion for new trial" is waived by appellants. Smith v. Smith, Tex. Civ.App., 187 S.W.2d 116; Johnson Aircrafts v. Wilborn, Tex.Civ.App., 190 S.W. 2d 426; Lobstein v. Watson, Tex.Civ.App., 186 S.W.2d 999; Ligon v. Green, Tex.Civ. App., 206 S.W.2d 629; Steinke v. Schmid, Tex.Civ.App., 223 S.W.2d 955. According to the record before us, appellant has not set forth distinctly or otherwise in its motion for a new trial in the trial court any ground of error upon which it proposes to predicate its complaint made in Point 7. Under the authorities cited and the record before us its complaint therein made is waived.

But be that as it may, it appears from the record that the contents of the copies of the original invoices objected to by appellant in Point 7 was otherwise introduced as evidence without objections of appellant, thus curing the complaint therein made in any event. In discussing its said point, appellant charges that the said copies of the original invoices being "appellees' Exhibits 'D' through 'K'," bore the approval of H. B. Phillips, for which reason appellant further complained. The original exhibits are before us and it appears that "appellees' Exhibits 'D' through 'K'," about which

appellant complains, do not bear the approval of H. B. Phillips. It further appears, however, that appellees' Exhibits "L" through "S" about which appellant makes no complaint, all do bear the approval of H. B. Phillips and that the contents of appellees' Exhibits "L" through "S" are otherwise identical with appellees' Exhibits "D" through "K".

The overwhelming weight of the evidence reveals that appellees performed the labor in question for which they have not yet been paid. Appellant is in the unenviable position of not knowing whether or not the said labor was performed but not yet paid for. Appellant's Superintendent, O. E. Drake, who had charge of such matters, testified that he was not in a position to deny that the labor in question was performed since he did not know whether it was performed or not. Appellant has asked that this cause be reversed and remanded for another trial because of alleged errors of law committed by the trial court in the course of the trial.

Rule 434, T.R.C.P., says in part:

"* * * no judgment shall be reversed on appeal and a new trial ordered in any cause on the ground that the trial court has committed an error of law in the course of the trial, unless the appellate court shall be of the opinion that the error complained of amounted to such a denial of the rights of the appellant as was reasonably calculated to cause and probably did cause the rendition of an improper judgment in the case, or was such as probably prevented the appellant from making a proper presentation of the case to the appellate court; * * *."

According to the record before us it is our opinion in any event that appellees have made out a strong prima facie case, which appellant has not refuted; that appellant has not been denied any rights that could reasonably be calculated to cause or probably did cause the rendition of an improper judgment against it in this case; and that no alleged error or nothing appellees have

done prevented appellant from properly presenting its appeal to this Court. After a careful examination of the entire record and all of appellant's points of error, we conclude that any error complained of did not amount to such a denial of appellant's rights as were reasonably calculated to cause and probably did cause the rendition of an improper judgment, for which reason alone the trial court's judgment should be affirmed. McMahan v. Musgrave, Tex.Civ. App., 229 S.W.2d 894; York v. Glenn, Tex. Civ.App., 242 S.W.2d 653.

For the reasons stated appellant's points of error are all overruled and the judgment of the trial court is affirmed.