F. C. Brent MANLEY, Appellant,

v.

Tom WILSON, Appellee.

No. 6133.

Court of Civil Appeals of Texas.

Beaumont.

April 10, 1958.

Rehearing Denied May 21, 1958.

Orgain, Bell & Tucker, Beaumont, for appellant.

Stephenson & Stephenson, Orange, for appellees.

ANDERSON, Justice.

This is a damage suit which resulted from a collision between an automobile that was being driven by appellant and one that was being driven by appellee's wife, Elsie Wilson. Appellee was plaintiff. Upon a jury's special-issue verdict, he recovered judgment for $16,000, as damages incident to personal injuries found to have been sustained by his wife. The defendant Manley appealed.

The collision occurred on Highway No. 87, in Orange County, Texas. The time was between 8:30 and 9:00 a. m., on June 1, 1955. Weather conditions and visibility were good; and the highway, a hard-surfaced one, was dry. Appellant and Mrs. Wilson were proceeding in the same direction—southward. Appellant was driving the overtaking vehicle. Mrs. Wilson either was in process of making a left turn, or else was preparing to make one, onto an unmarked side road which led eastward from the highway. The right forepart of appellant's car struck the left side of the Wilson car a longitudinal blow, beginning at the Wilson car's left rear fender and moving forward for most, if not all, of that car's length. Both cars continued southward appreciable distances beyond the side road. Mrs. Wilson's came to a stop on the east shoulder of the highway, approximately 150 feet from the intersection; appellant's went into an area east of the highway right-of-way.

Appellant and Mrs. Wilson differed as to whether the collision happened at the road intersection or considerably before

they reached the intersection. Mrs. Wilson claimed it occurred at the intersection, after she had completed her turn, and while she was driving directly toward the side road. She represented that the front third or more of her car was already off the east edge of the highway pavement at the moment of impact. She also claimed that she did not commence her turn until she was abreast of the center of the side road. Appellant, on the other hand, testified that the collision occurred more than a hundred feet north of the road intersection, in the vicinity of where skid marks made by the tires of his car began. The skid marks, which were altogether in the east traffic lane of the highway, commenced 144 feet from the side road and continued up to it. Appellant represented that Mrs. Wilson drove partially into the east traffic lane just as he was preparing to pass her. He said his car thereupon struck hers, and that the cars then proceeded more or less together until they reached the intersection.

The only thing that was found along the highway or near the intersection in the nature of debris such as is usually found at the scene of a collision was a small amount of dirt. It was in the east traffic lane of the highway, slightly south of the center of the side road.

Appellant estimated that prior to applying the brakes of his car he was driving at a speed of 60 miles per hour. There was evidence tending to show that his estimate was low.

Mrs. Wilson estimated that she herself had been driving at a speed of approximately 40 miles per hour until she slowed, preparatory to turning, and that she was driving at a speed of about 20 miles per hour at the moment of impact. She said she began slowing when she was approximately 150 feet from the road intersection.

Appellant represented that he sounded the horn of his car as he approached and prepared to pass the Wilson automobile. Mrs. Wilson testified the contrary.

Mrs. Wilson admitted that she gave no hand signal of her intention of turning, but insisted that she did signify her intention by blinker light before she deviated from the west traffic lane of the highway. Appellant said he saw no signal of any kind and did not believe one was given.

There was no evidence except her own testimony to prove that Mrs. Wilson made use of a blinker light, and not even her testimony fixed with certainty the time at which the light was turned on, if it was. She said she turned it on just after discovering that appellant was behind her, but she gave varying estimates as to how far she was from the intersection when she made that discovery. In one instance, she estimated the distance at from 12 to 15 feet; in another, at from 15 to 20 feet; and in still another, at from 40 to 50 yards.

Mrs. Wilson estimated that appellant was the equivalent of a city block or more behind her when, by glancing into the rear-view mirror of her car, she first became aware that he was approaching. She said she misjudged or did not realize appellant's speed and did not again glance at her mirror until just as she began turning, at which time the sound of appellant's skidding tires was already audible to her.

Only one special issue pertaining to a signal by Mrs. Wilson of her intention of turning was submitted to the jury (issue No. 22), and it was answered in the negative, or in favor of the plaintiff. It asked whether Mrs. Wilson "failed to give a plainly visible signal of her intention to turn." The defendant requested that two additional primary issues, together with appropriate ancillary issues, be submitted; one of the primary issues to ask if Mrs. Wilson "failed to give an adequate or sufficient signal of her intention to turn to the left," the other to ask if Mrs. Wilson

"failed to give a continuous signal of her intention to turn left for the last 100 feet travelled before turning." All of the requested issues were refused, and each respective refusal is now assigned as error.

■ The latter of the two primary issues, as well as the ancillary issue that was requested in connection with it, should have been given. Article 6701d, Sec. 68 (a, b), Vernon's Texas Civil Statutes. The statute provides that no one shall turn a vehicle at an intersection or turn a vehicle from a direction course or move right or left upon a roadway without giving an appropriate signal in the manner prescribed by the statute, if any other traffic may be affected by such movement, and that "a signal of intention to turn right or left when required shall be given continuously during not less than the last one hundred (100) feet traveled by the vehicle before turning." We think there can be no doubt that a signal was required in this instance, and the jury was at liberty under the evidence to conclude that one was not given by Mrs. Wilson when her car was as much as a hundred feet from where it turned. The issue that was submitted to the jury (issue No. 22), the substance of which has been hereinabove set out, did not require the jury to measure the adequacy of Mrs. Wilson's signal from either the standpoint of when it was first begun or the standpoint of the time during which it was continued. It only asked whether she failed to give a "plainly visible signal of her intention to turn." The jury could have answered the issue as they did and still have believed that Mrs. Wilson had not even substantially complied with the requirements of the statute in the respects under discussion.

■ Contrary to appellee's contentions, the requested primary issue that we have said should have been given (Requested Issue No. 12) was not rendered immaterial and unnecessary by the fact that appellant had already fully applied the brakes of his car when still 144 feet from the intersection, nor by the fact, if it be a fact, that even before the brakes were applied the front end of appellant's car had drawn up beside the rear end of the Wilson automobile, nor by those facts in combination. If Mrs. Wilson did not in fact signal continuously while her car was traversing the last hundred feet traversed by it before turning, the facts just mentioned do not establish that the collision would inevitably have happened anyway. The relative positions of the two automobiles were changing constantly and rapidly; the evidence did not conclusively establish that the collision occurred at the intersection; the requested issue was not based upon where appellant was when he first became aware that Mrs. Wilson was going to turn, but upon the advance notice Mrs. Wilson gave of her intention; and we cannot assume that appellant would not have seen a signal that complied with the statutory requirements, or that he would not have heeded it and been able to avoid the collision. Appellant's points four and five are sustained.

■ We think the trial court did not err in refusing to submit the first of the requested issues above mentioned (requested issue No. 5) or in refusing to submit the ancillary issues requested in connection with that issue. We accordingly overrule appellant's first three points. The primary issue, as framed, was too general in nature and supplied no standard of appraisal for use in determining whether Mrs. Wilson failed to give an "adequate or sufficient" signal of her intention to turn to the left. We see no significant difference between an issue inquiring about an "adequate or sufficient" signal and one inquiring about a "proper" signal. An issue of the latter type was apparently considered improper in Dallas Ry. & Terminal Co. v. Black, 152 Tex. 343, 257 S.W.2d 416, 421.

Only one special issue pointedly requiring that Mrs. Wilson's conduct be appraised in the light of the proximity of appellant's automobile was submitted to the jury. It

asked if Mrs. Wilson "changed the course of her vehicle by turning to the left without first seeing that there was sufficient space to make such movement in safety." The issue was answered in the negative. The defendant asked that three additional primary issues, together with appropriate ancillary issues, be submitted; one of the primary issues to ask if Mrs. Wilson "turned to the left at a time when such movement could not be made in safety," one to ask if Mrs. Wilson "turned to the left at a time when the automobile driven by the defendant * * * was approaching so closely as to constitute an immediate hazard," and another to ask if Mrs. Wilson "turned to the left at a time when the overtaking vehicle * * * had started to pass." All of the requested issues were refused, and each refusal is assigned as error.

◼ It was not necessary to submit each of the three requested primary issues, since they would have presented essentially the same matter; but the issue with reference to whether Mrs. Wilson "changed the course of her vehicle by turning to the left at a time when such movement could not be made in safety" should have been given. It was drawn in substantially the language of sec. 68(a) of Article 6701d, supra, which provides that no person shall "turn a vehicle from a direct course or move right or left upon a roadway unless and until such movement can be made with safety." The requested issue would not, in our opinion, have posed the same question that was posed by the issue that was submitted and in which the jury was asked if Mrs. Wilson "changed the course of her vehicle by turning to the left *without first seeing* that there was sufficient space to make such movement in safety." But we think it would have rendered the issue that was given unnecessary, even assuming that the statute on which the latter issue was based, Article 801(K), Vernon's Annotated Penal Code, is still in effect, which we think is not the case. It is our view that section K of Article 801, P.C., was repealed by Article 6701d, supra, though we recognize that the contrary was said in Bergeron v. City of Port Arthur, 264 S.W.2d 769, 884, a case decided by the Waco Court of Civil Appeals, and in which writ of error was refused because of no reversible error. We feel that by analogy the Supreme Court's own holding in Dallas Ry. & Terminal Co. v. Black, 152 Tex. 343, 257 S.W. 2d 416, 420, and the holding by the Court of Criminal Appeals in Lane v. State, 305 S.W.2d 595, support our views. We also call attention to the rules of construction set out in 39 Tex.Jur. Statutes, sec. 80, p. 148, and given application in the concurring opinion of Justice Gill in Presley v. City of Odessa, Tex.Civ.App., 263 S.W.2d 293, 298; and to the Supreme Court's comments in Gann v. Keith, 151 Tex. 636, 253 S.W.2d 413, 418, on the nature and scope of Article 6701d.

◼ A procedural matter pertaining to evidence is presented by appellant's 14th point of error. Doctor Victor D. Watson, who was called by the plaintiff as a witness, testified regarding the nature and extent of Mrs. Wilson's injuries. While being cross-examined, he admitted that, shortly before appearing in court, he had examined in his office, for the purpose of refreshing his recollection, the file he had compiled on Mrs. Wilson. He did not have the file with him in court. Defense counsel moved that Dr. Watson be required to produce the file in court and submit it to defense counsel, for use in cross-examining the witness. The motion was overruled, and that ruling is assigned as error.

Doctor Watson purported to testify from his then present, independent, though refreshed, recollection; and he did not have recourse to his file while testifying. In accord with what appears to be the weight of authority we hold that in the circumstances the defendant was not entitled as a matter of right to have the file produced in court and submitted for examination by him or his counsel. See 98 C.J.S. Witnesses § 362, p. 101; Texas Law of Evi-

**344**

dence, McCormick and Ray, 2d Ed., sec. 553, Vol. 1, p. 449; Hamilton v. Rice, 15 Tex. 382, 386; Lennon v. United States, 8 Cir., 20 F.2d 490.

 The jury found, in response to special issue No. 35, that Mrs. Wilson "failed to run beyond the center of the intersection before turning to the left," but there was no finding that such failure was a proximate cause of the collision. The proximate-cause issue (No. 36) was answered in the negative. The defendant seasonably moved that the jury's answer to the latter issue be disregarded, as being contrary to the overwhelming weight and preponderance of the evidence, and as being without sufficient evidence to support it, and that judgment in his favor be rendered non obstante veredicto. The motion was overruled, and the ruling is complained of in three of appellant's points of error (15, 16, 17). The points are overruled. The burden of proving proximate cause was on the defendant, and we do not feel that the evidence conclusively established that Mrs. Wilson's failure to run beyond the center of the intersection before turning was a proximate cause of the collision. In order to say as a matter of law that the failure in question was a proximate cause of the collision, we would have to be in a position to say that the collision would not have occurred if Mrs. Wilson had delayed her turn until she had passed the center of the intersection; and the evidence does not place us in that position. For all that is shown by the evidence or by the jury's findings, Mrs. Wilson may have been all but beyond the center of the intersection before she turned, and the result might have been the same had she traversed the slight additional distance.

We forego passing upon appellant's remaining points of error (18, 19, 20). Points 18 and 19 are directed at the submission to the jury of special issue No. 41, which pertained to future medical expense, and point 20 is directed at the jury's finding

in response to the issue; it being appellant's contention that there was no evidence to justify submission of the issue, and none to support the jury's finding. Due to the time that will have elapsed between trials, the evidence upon a future trial can hardly be the same as that which is before us. We feel, therefore, that an appraisal of the evidence that is before us would not be worthwhile.

The judgment of the trial court is reversed and the cause is remanded for a new trial.