**Bill BAILEY, Adm'n, Appellant,**

**v.**

**Charles TISHLIAS, Appellee.**

**No. 15828.**

Court of Civil Appeals of Texas.

Dallas.

June 2, 1961.

Rehearing Denied July 14, 1961.

Wilbur T. Knape, Dallas, for appellant.

McKool & McKool, Dallas, for appellee.

DIXON, Chief Justice.

Appellee Charles Tishlias brought this suit against appellant Bill Bailey, temporary administrator of the estate of Pink Gable, deceased, for damages for personal injuries sustained in a collision between automobiles driven by appellee and Pink Gable. The latter died of injuries received in the collision.

Judgment for $4,000 was based on a jury verdict favorable to appellee. The jury found that Pink Gable failed to keep a proper lookout, failed to stop before entering the intersection, was driving in excess of 30 miles per hour, entered the intersection after the car driven by appellee had entered same, failed to apply his brakes, and was not under the influence of liquor.

The jury further found that appellee Tishlias did not fail to keep a proper lookout, was not driving his automobile at a rate of speed in excess of that at which a reasonable and prudent person would have driven it under the conditions then existing, failed to stop before entering the intersection, but such failure was not negligence, did not fail timely to apply his brakes, failed to steer his automobile to the right just before the collision, but such failure was not negligence, his car did not enter the intersection after the car driven by Pink Gable had entered same, the car driven by ap-

pellee, Tishlias and Pink Gable did not enter the intersection at approximately the same time, and appellee Tishlias was not under the influence of liquor.

The collision occurred sometime after 1:00 o'clock A.M. on a dark night at the intersection of Cedar Springs Road and Bowen Street in the City of Dallas, Texas. Pink Gable was driving north on Bowen Street, which is 42 feet wide at the intersection. Appellee Tishlias was driving east on Cedar Springs Road, which is 37 feet wide at the intersection.

A traffic light hangs suspended over the center of the intersection. At the time of the collision the light was blinking red facing Pink Gable on Bowen Street. It was blinking amber facing appellee Tishlias on Cedar Springs Road. The uncontradicted testimony is that the blinking red light meant that a motorist driving on Bowen Street must come to a stop before entering the intersection. The blinking amber light meant that a motorist driving on Cedar Springs Road must proceed cautiously but need not come to a stop before entering the intersection.

■ In his brief appellant predicates his appeal on seven points of alleged error. In his first point he charges that it was error for the court to overrule his motion for instructed verdict. In order properly to sustain this point it would be necessary for us to hold that there was no evidence of probative value to sustain the jury verdict and the court's judgment. Examination of the record reveals that there was an abundance of evidence to support the verdict and judgment. Later in this opinion we shall give a narrative statement of some of this evidence. Appellant's first point is overruled.

■ In his second point on appeal appellant charges that it was error for the court to refuse to submit his requested Special Issues Nos. 21 and 22. These issues would have required the jury to say (21) whether at the time and on the occasion in question as appellee Tishlias approached the intersection the automobile driven by Pink Gable was approaching in such a manner as to constitute an immediate hazard; and if the jury should answer "yes" to Special Issue No. 21, then, and only in that event, the jury should say (22) whether the failure of appellee Tishlias to stop before entering the intersection at a time when the automobile driven by Pink Gable was an immediate hazard, was a proximate cause of the collision. Appellant contends that he had a right to have these questions submitted under Art. 6701d, § 73(a), Vernon's Ann.Civ.St.

We do not agree with appellant for two reasons. First Art. 6701d, § 73(a), V.A.C.S applies to through highways as defined in Art. 6701d, § 13(f), V.A.C.S. Bowen Street is not a through highway at the intersection in question, for motorists on Cedar Springs Road approaching and crossing Bowen Street, as was Tishlias, are not required to stop at the entrance to the intersection. Therefore, the provisions of Art. 6701d, § 73(a) cannot be invoked in behalf of Gable in this case, though its provisions might well have been invoked against him.

■ Second, the issues submitted by the court submitted all the controlling issues on right-of-way, including issues covering matters which could have been raised under Art. 6701d, § 73(a) if said statute had been applicable. To have submitted the issues requested by appellant would have been merely to have submitted shades of issues which were already submitted. It was not necessary to do so. Dollie Adams Oil Corporation v. Cree, Tex.Civ.App., 279 S.W.2d 619; Dallas Ry. & Terminal Co. v. Straughan, Tex.Civ.App., 254 S.W.2d 882; Triangle Cab Co. v. Taylor, 144 Tex. 568, 192 S.W.2d 143.

■ It is to be remembered that Pink Gable was approaching an intersection in the darkness of night with a red blinking traffic light facing him. It was his duty

under the law to come to a stop before entering the intersection. Appellee Tishlias was not required to anticipate that Pink Gable would enter the intersection in disregard of a stop signal, or that Gable would fail to yield the right-of-way at the intersection after running through a stop signal. Miller v. Tilton, Tex.Civ.App., 289 S.W.2d 426.

We are aware of the holding by our Supreme Court in Lynch v. Ricketts, 158 Tex. 487, 314 S.W.2d 273 to the effect that one is not excused from exercising ordinary care for his own safety merely because he has the right-of-way. But the circumstances disclosed by the evidence, and especially the favorable answers of the jury on the contributory negligence issues acquit appellee of a failure to use ordinary care to avoid the collision. Appellant's second point on appeal is overruled.

In his brief appellant makes this statement: "* * * points three to seven, inclusive, actually relate only to one basic point, to wit: Was the plaintiff Charles Tishlias guilty of contributory negligence as a matter of law which negligence proximately caused the collision? Therefore, * * * Appellant considers it proper to group his points three to seven, inclusive, for consideration by the Court * * *. Aside from the fact that there is no evidence in the record to support the findings of the jury to Special Issues Nos. 16 through 38, it will be shown the Court that all material questions herein are matters of law determinable by the Court and that the Defendant is entitled to a judgment as a matter of law for the reason set forth in Defendant's Motion for Judgment Non Obstante Veredicto."

In view of the above statement by appellant as to the nature of his points three to seven inclusive, we shall not discuss each of said points separately, nor shall we further discuss our holding against appellant on his first point, which was that there was no evidence to support the jury's verdict and the court's judgment.

■ However appellant's fourth point on appeal is to the effect that it was error for the court to render judgment for appellee "for each and all of the reasons set forth in Paragraph VII of Defendant's Amended Motion for New Trial." By reference to said Paragraph VII we have ascertained that appellant therein asserted ten numbered grounds of alleged error. Appellant's fourth point is therefore too general and multifarious to require our consideration.

Nevertheless, we believe it well for us to discuss the fourth of the ten grounds presented in Paragraph VII of the Amended Motion for New Trial. It is this: "4. The evidence in this case is insufficient to support the jury's answers to special issues upon which the judgment of the court is based."

■ In our opinion the evidence sufficiently supports the jury's answers. A trained traffic police officer arrived at the scene of the collision before appellee Tishlias recovered consciousness. The cars were still in position where they had come to a rest after the collision. The ambulance had not yet arrived to take the injured drivers to the hospital. The officer located the point of impact from the debris. He made measurements and took notes of other visible facts.

His testimony was that appellee Tishlias had proceeded 29 feet into the intersection when the collision occurred. Pink Gable had proceeded 14 feet. There were skid marks of Tishlias' car 7 feet in length indicating that he applied his brakes. There were no skid marks of Gable's car. The automobile driven by Gable continued in a northeast direction after the collision for some 42 feet where it crashed against an iron gate and concrete or brick pillar and overturned, pinning Gable inside the car. Appellee's car came to a rest 30 feet from the point of collision. From vari-

ous visible indicia the officer estimated that Gable's car could not have been travelling at a speed of less than 40 miles per hour at the time of the collision. He estimated the speed of appellee's car at approximately 25 miles per hour.

Appellee Tishlias testified that he is the manager of a restaurant known as the Chateaubriand, which closes every night at midnight. His nightly routine after the closing was to supervise the cleaning up of the restaurant, and other chores, and then to drive out Cedar Springs Road to make his nightly report to the restaurant owner, who also owns and operates the Turtle Room, a restaurant at 3525 Turtle Creek Boulevard. Having travelled this route almost every night he had become familiar with the blinking traffic lights at the intersection in question.

Tishlias further testified that on the night of the collision when he was about 100 feet from the intersection travelling about 25 miles per hour he saw a car on Bowen Street approaching the intersection about 200 to 350 feet from the intersection. Tishlias slowed down to about 20 miles per hour to enter the intersection. It was just as he was entering that he realized the other car was coming pretty fast, but he still expected it to stop because of the red blinking light on Bowen Street. He didn't realize the other car was going to get to the intersection so soon, as he didn't think the car was going fast enough to get there that quickly. It was after he was in the intersection that he realized that the other car was not going to stop before entering the intersection. Tishlias had entered the intersection first. The driver of the other car did not slow down or apply his brakes before entering the intersection at a speed which Tishlias estimated at 50 to 60 miles per hour. After he realized that the other car was not going to stop Tishlias slammed on his brakes and tried to swerve to the left to ease the impact with the other car. He remembered the impact of the collision but then lost consciousness and did not regain consciousness until after the police and ambulance had arrived.

We shall not go into the further details as to the evidence. It was sufficient to support the jury's verdict. Appellant's points three to seven, inclusive, are overruled.

The judgment of the trial court is affirmed.