Virginia R. SMITH et al., Appellants,

v.

Marshall CHASE, Appellee.

No. 16725.

Court of Civil Appeals of Texas.

Dallas.

June 17, 1966.

Dissenting Opinion June 21, 1966.

Rehearing Denied July 15, 1966.

John D. Griggs, Dallas, for appellant.

Strasburger, Price, Kelton, Miller & Martin and J. Mike Joplin, Dallas, for appellee.

WILLIAMS, Justice.

This is an action for personal injuries and property damage brought by Virginia R. Smith and husband, Willie A. Smith, against Marshall Chase growing out of an automobile collision which occurred on May 27, 1964 at an intersection of two streets in the City of Dallas, Texas. Mrs. Smith

alleged, and the evidence supported such allegation, that she brought her automobile to a stop at a stop sign before entering Lemmon Avenue and then proceeded across said street and had almost accomplished said crossing when her automobile was struck in the right rear portion by the automobile being driven on Lemmon Avenue by Mr. Chase. The trial pleadings of the parties contained numerous allegations of both primary and contributory negligence.

The case proceeded to trial before a court and a jury which rendered findings to the special issues submitted to it by the court substantially as follows: (1) that the defendant Chase did not fail to keep a proper lookout; (3) that Chase did not fail to make a proper application of the brakes on his automobile; (5) that Chase was not driving his automobile at an excessive speed; (7) that Chase's failure to turn his automobile to the left immediately before the collision was not negligence; (9) that Chase's actions in changing from the inside to the outside lane of Lemmon Avenue was not negligence; (12) that Virginia Smith had the right of way on the occasion in question ("right of way" being defined as the privilege of the immediate use of the highway); (13) that Chase failed to yield the right of way to Virginia Smith; (14) that such failure on Chase's part was negligence; (14–A) that such negligence and failure was a proximate cause of the occurrence in question; (17) that Virginia Smith did not fail to keep a proper lookout on the occasion in question; (19) that Virginia Smith failed to apply her brakes on the occasion in question; (20) that such failure on her part was not negligence nor a proximate cause of the occurrence in question; (22) that Virginia Smith was negligent in attempting to cross Lemmon Avenue under the traffic conditions then existing, and (23) that such negligence was a proximate cause of the occurrence in question; (24) that the occurrence was not the result of an unavoidable accident. The remaining issues had to do with the amount of dam-

ages, which the jury found to be $1,344.87. Motions were duly and timely made by plaintiffs to set aside and disregard the jury findings of Special Issues 22 and 23 and to render judgment for plaintiffs upon the verdict but same were overruled. Judgment was rendered denying plaintiffs any recovery and this appeal follows.

Inasmuch as Special Issues 22 and 23 as submitted to the jury in this case form the focal point of each of appellants' points on appeal we deem it desirable to quote both issues, as follows:

"SPECIAL ISSUE NO. 22

"Do you find from a preponderance of the evidence that Virginia Smith was negligent in attempting to cross Lemmon Avenue under the traffic conditions then existing?

"Answer Yes or No.

"Answer: *Yes*.

"If you have answered Special Issue No. 22 'Yes', then you will answer Special Issue No. 23; otherwise you will not answer same.

"SPECIAL ISSUE NO. 23

"Do you find from a preponderance of the evidence that such negligence, if any, was a proximate cause of the occurrence in question?

"Answer Yes or No.

"Answer: *Yes*."

■ Appellants' first point of error complains of the submission of Special Issue No. 22, and its ancillary Issue No. 23, because they contend, having been found to have the right of way, there was no legal duty upon Mrs. Smith not to cross the intersection under the circumstances existing. We cannot agree with appellants and overrule their first point.

■ It is well established in the law of this state that the rule relating to right of way is not considered absolute but relative. Our Supreme Court, as well as numerous Courts of Civil Appeals, has held that a motorist who claims the statutory right of way is legally obligated to exercise such right with proper regard for his own safety and the safety of others. McWilliams v. Muse, 157 Tex. 109, 300 S.W. 2d 643; Lewis v. Martin, Civ.App., 120 S.W.2d 910 (Wr. ref.); Lynch v. Ricketts, 158 Tex. 487, 314 S.W.2d 273; Babb v. Young, Civ.App., 348 S.W.2d 660; Bailey v. Tishlias, Civ.App., 348 S.W.2d 220 (wr. ref., n. r. e.).

In their second group of points, two through five inclusive, appellants complain of the submission of Special Issues Nos. 22 and 23 because the same are general and global and therefore violate the rule requiring the submission of specific questions of fact. Appropriate objections were levelled against the submission of these issues in advance of submitting the case to the jury.

Having carefully considered the pleadings of the parties as well as the charge of the court in its entirety, all in the light of the evidence adduced, we are in accord with appellants' contention that Special Issue No. 22 constitutes a general or global issue, encompassing various elements of specific fact, and therefore was improperly given to the jury.

■ The basic rule relating to the submission of special issues is Rule 279, Vernon's Texas Rules of Civil Procedure, which is a mandate to trial judges to submit only the controlling issues made by the written pleadings and the evidence. Much has been said and written on the subject of broad, general or "global" issues as opposed to narrow and specific issues. Our Supreme Court in the recent case of Barclay v. C. C. Pitts Sand & Gravel Co., 387 S.W.2d 644, in striking down the practice of submitting the general issue of proper control in a negligence case, reviewed

the question here presented in detail and announced the present law, as follows:

"When a case is submitted on special issues, the court is required to give 'the controlling issues made by the written pleadings and the evidence.' Rule 279, Texas Rules of Civil Procedure. As pointed out in the article cited above, this Rule has been given one meaning in negligence actions and a somewhat different meaning in other types of cases. Reasonably broad issues embracing several distinct and essential, elements of a cause of action or defense have been upheld in a number of non-negligence suits. Even in negligence cases there are a few more or less general inquiries which may be submitted without fragmentation into their factual components. Examples are proper lookout, Texas & Pacific Ry. Co. v. Snider, 159 Tex. 380, 321 S.W.2d 280, Traywick v. Goodrich, Tex.Sup., 364 S.W.2d 190; attractive nuisance, Eaton v. R. B. George Investments, Inc., 152 Tex. 523, 260 S.W.2d 587; and discovered peril, Turner v. Texas Co., 138 Tex. 380, 159 S.W.2d 112. It is nevertheless well settled that a general rule and when the question is properly raised, special issues relating to either primary or contributory negligence should be restricted to specific acts and omissions which have been raised by the pleadings and evidence. Fox v. Dallas Hotel Co., 111 Tex. 461, 240 S.W. 517; Roosth & Genecov Production Co. v. White, 152 Tex. 619, 262 S.W.2d 99; Kainer v. Walker, Tex.Sup., 377 S.W.2d 613."

Justice Norvell, in a concurring opinion, while differing basically with the majority opinion condemning the general issue of "proper control" yet agrees that where specific issues, making up the issue of proper control, have been given that the general issue should not be given. Thus, he said:

"So far as the judgment in this particular case is concerned I concur in the Court's action in affirming the judgment of the Court of Civil Appeals which reverses the judgment of the trial court. This, for the reason that at least two important elements of the 'lack of proper control' issue were specifically submitted, namely, driving the truck with improper brakes and a failure to properly steer such truck when collision was imminent. While, in my opinion, a party should be allowed to submit the broad 'lack of proper control' issue, he should not also be permitted to submit specific issues inquiring as to the various elements encompassed within the concept of proper control. This would be obviously unfair. A party would have an opportunity to prevail upon the answers to specific issues and failing in this, contend that nevertheless he was entitled to prevail upon an unsubmitted element of lack of proper control should he receive a favorable answer to such broader issue. A litigant must either go global or specific. He cannot go both ways."

It is significant that in the case under consideration specific acts which went to make up the question of "traffic conditions then existing" were submitted to the jury and, incidentally, found in favor of appellants. The question of the court to the jury inquiring whether Mrs. Smith was negligent in crossing the street at the time and on the occasion in question and under the circumstances then existing was undoubtedly a broad and global submission which permitted the jury to take into consideration any fact or circumstance which they might consider to be pertinent or material to the issue. Such question encompasses the elements of speed, brakes, lookout and other specific matters which go to constitute the "condition then existing." As stated by Justice Norvell in *Barclay* a litigant should be allowed to go either global or specific but he cannot go both ways. The court in this instance permitted appellee Chase to have two bites at the apple, one general and several specific. He failed in his effort to secure a jury finding of specific acts of negligence on the part of Mrs. Smith but obtained a

favorable finding on the general or global issue. This, we believe, illustrates the vice of the submission of the general issue to the jury.

Many cases could be quoted from as being illustrative of the vice of the global submission complained of in this instance but we believe that the Supreme Court's recent pronouncement in Barclay v. C. C. Pitts Sand & Gravel Co., supra, together with the cases discussed therein, is conclusive of the question presented. We therefore sustain appellants' points two through five inclusive.

◼ Appellants' point six contends that there was an irreconcilable conflict between the jury's answers to Special Issues Nos. 22 and 23 and their answers to the issue which found that appellant Mrs. Smith had the right of way on the occasion in question. We cannot agree with this contention. While we have held that Special Issue No. 22 was a general and global submission we do not believe that the jury's answer thereto in itself constituted an irreconcilable conflict with the issue on right of way. As we said in connection with our discussion of appellants' point one the issue of right of way is not absolute but relative and one claiming the use of the highway is obligated to exercise ordinary care for his own safety and that of others.

In their seventh and final point appellants contend that the trial court erred in failing to grant their motion to disregard the jury's answers to Special Issues Nos. 22 and 23 and to render judgment in their favor based upon the specific findings of the jury. Appellants' appeal to us to apply basic and well defined rules of law is, we think, justified.

◼ It is an elementary rule, now well established in our jurisprudence, that specific findings are always controlling as opposed to general findings. As said by the Supreme Court in Barclay v. C. C. Pitts Sand & Gravel Co., 387 S.W.2d 644:

"When all acts and omissions raised by the evidence which affect control of the vehicle are specifically submitted, the more general issue on proper control need not be given. [Citing authorities.] If it is given in that situation, moreover, the specific findings will control what would otherwise be a conflicting answer to the proper control issue. See Cunningham v. Suggs, Tex.Civ.App., 340 S.W.2d 369 (writ ref. n. r. e.)."

Our court, speaking through Chief Justice Dixon, in Vouras v. 3525 Turtle Creek, Inc., Civ.App., 369 S.W.2d 819 (wr. ref. n. r. e.), applied the well recognized rule of superiority of specific findings as opposed to general findings even in a non-negligence action.

◼ It is the duty of a court to reconcile the entire verdict of the jury in an effort to make it speak the truth. The court should set aside and disregard general findings when the jury has answered specific findings that control the disposition of the case. The court, in proper cases, may disregard issues as being surplusage, immaterial or evidentiary. Schiller v. Rice, 151 Tex. 116, 246 S.W.2d 607; Mathis v. State, Civ.App., 258 S.W.2d 200; Bueche v. Eikenroht, Civ.App., 220 S.W.2d 911; Alvey v. Goforth, Civ.App., 263 S.W.2d 313, reversed on other grounds, 153 Tex. 449, 271 S.W.2d 404.

◼ It is apparent to us, based upon the entire verdict in this case, as well as a review of the evidence, that the trial court should not have submitted Special Issues Nos. 22 and 23 to the jury and, having done so, should have responded to appellants' motion and disregarded the answers of the jury to such special issues and rendered judgment for appellants on the jury verdict.

The judgment of the trial court is therefore reversed and here rendered that appellants Virginia Smith and Willie Smith do have and recover of and from Marshall Chase the sum of $1,344.87 with interest at

the rate of six percent per annum from September 13, 1965 and that all costs be assessed against Marshall Chase.

Reversed and rendered.

BATEMAN, Justice.

I respectfully dissent because I do not believe Special Issue No. 22 was so general or global as to warrant our disregarding the jury's answers to it and to Special Issue No. 23. I may set forth my views on this point more fully in a supplemental opinion.

### DISSENTING OPINION

I respectfully dissent. I do not believe we are authorized to disregard or set aside the findings of contributory negligence.

Appellee had alleged that Mrs. Smith was negligent in attempting to go across Lemmon Avenue at a time when there was a very large amount of traffic thereon, and in failing to turn to the right and go with the traffic. It was undisputed that this collision occurred on a busy thoroughfare shortly after five o'clock in the afternoon; that Lemmon Avenue consisted of four traffic lanes, two for eastbound and two for westbound traffic, and that all four lanes were crowded with very heavy traffic. There were no signal lights or stop signs or other device to control that traffic at that place, but the vehicles attempting to cross Lemmon Avenue there faced a stop sign. Mrs. Smith testified that when she stopped at this stop sign she waited there from five to seven minutes for an opportunity to cross; during which time the traffic light at the next corner (the intersection of Lemmon Avenue and Turtle Creek Boulevard) changed about three times; that it was at the busiest time of the day, and that the opening she attempted to go through "was just enough for me to go through," and that just before appellee's car collided with her car she, thinking she was out of the intersection, turned to her companion and stated that they had "made it." Both Mrs. Smith and appellee testified that at times the lanes were completely blocked with traffic and that there was a truck coming toward Mrs. Smith which was trying to make a left turn, but which obstructed the traffic in the inside lane of the traffic going in the same direction in which appellee was traveling.

It was appellee's theory that at that particular time of day the rush-hour traffic on Lemmon Avenue created a condition so hazardous that a person of ordinary prudence, in the exercise of ordinary care, would not have attempted to cross it at right angles, even though that person obeyed the stop sign, had the right of way and a legal right to cross the street. The trial court submitted this theory to the jury and the jury's answers to the issues were favorable to appellee. I do not know of any other way it could have been submitted.

In the majority opinion it is said that the specific acts "which went to make up the question of 'traffic conditions then existing' were submitted to the jury", but those specific acts so submitted were only the alleged acts of negligence of appellee and Mrs. Smith. Under appellee's theory, Mrs. Smith could have been entirely blameless in all of those particulars and still be negligent in propelling her automobile into the seething maelstrom of fast-moving vehicles that constituted the rush-hour traffic of Lemmon Avenue. The majority opinion, it seems to me, ignores this contention and merely says that only specific acts should be submitted. I know of no way that this inquiry could be fragmentized into more specific acts.

The only elements of Mrs. Smith's conduct submitted to the jury and the findings thereon were: (17) she did not fail to keep a proper lookout; (19) she failed to apply her brakes but (20) this was not negligence. My view as to her proper lookout is expressed by Justice Calvert in Traywick v. Goodrich, Tex.Sup.1963, 364 S.W.2d 190, 191, as follows: "Certainly one is negligent who looks both ways while stopped before

entering the intersection and then proceeds blindly ahead."

The finding that she was not negligent in failing to apply her brakes, in my opinion, relates to the time of, or immediately prior to, the collision itself, and not to the time she began her crossing of Lemmon Avenue. She undoubtedly applied her brakes when she stopped in obedience to the stop sign; so the answers to Special Issues Nos. 19 and 20 could not relate to that time or situation.

Chief Justice Hickman, in Grieger v. Vega, 153 Tex. 498, 271 S.W.2d 85, a wrongful death case, said, in approving a special issue which inquired simply whether the killing of plaintiff's son was wrongful, "The method employed by the trial court of grouping several elements of an ultimate issue into one special issue is to be commended."

In Plains Drilling Co. v. Christy, Tex.Civ. App., 25 S.W.2d 276, no wr. hist., which involved a claim and counterclaim for damages because of a collision between plaintiff's house, which was being moved at 3:00 a. m. on a public highway, and defendant's truck, the Amarillo Court of Civil Appeals said the trial court erred in refusing to submit this issue: "Was the plaintiff negligent in moving the house along the public road in question at the time of the collision?" It was the defendant's contention in that case that, aside from specific acts of plaintiff's negligence with regard to lights on the house, speed, lookout, etc., *the very act of moving the house on a public highway was in itself negligence*, and the appellate court agreed.

See also Serna v. Cochrum, Tex.Civ.App., 290 S.W.2d 383, wr. ref. n. r. e.; Flowers v. Wilson, Tex.Civ.App., 319 S.W.2d 199, no wr. hist.; and Manley v. Wilson, Tex.Civ. App., 313 S.W.2d 339, wr. ref. n. r. e.

In Texas & Pacific Ry. Co. v. Snider, 159 Tex. 380, 321 S.W.2d 280, the inquiry as to whether the plaintiff had failed to keep a proper lookout was broken up into five separate issues, and this was criticized by the Supreme Court, speaking through Justice Calvert, as follows:

"We can perceive of no sound reason why one special issue on failure of Snider to keep a proper lookout for his own safety as he approached the crossing, related to the facts and circumstances in evidence, would not have been adequate to cover all of the issues mentioned. This matter has not been preserved on appeal, however, and we mention it only in the hope that it may serve to induce trial judges to simplify special issue submission as much as the facts of the case will permit."

It is also stated in the majority opinion that the issue as submitted improperly permits the jury to take into consideration any fact or circumstance which they might consider to be pertinent or material to the issue. I do not think this is a valid criticism. The phrase "under the traffic conditions then existing" did not give the jury in this case any greater latitude or permit any wider consideration by the jury than the time-honored phrase "at the time and on the occasion in question." I think a phrase, "under the conditions then prevailing" or some similar phrase, might be said to be implied in practically every special issue submitted in a negligence case. A special issue as to whether the failure of a motorist to apply his brakes was negligence necessarily includes the consideration of the conditions prevailing at the time and place of the occurrence, and the jury must necessarily in such a case take those conditions, such as weather, width and condition of the road, traffic controls, speed, and many others, into consideration in passing on whether the motorist was or was not negligent in failing to apply his brakes. Only by way of illustration, Special Issue No. 9 in the case at bar was: "Do you find from a preponderance of the evidence that the action of Marshall Chase in changing from the inside to the outside lane of Lemmon Avenue was negligence?" The issue does not contain the phrase "under the traffic conditions then existing," but I submit that the sub-

stance thereof is necessarily implied in the issue, and would be so understood by the trial court, the jury and the attorneys for both parties. Why, then, did the inclusion of the phrase in Special Issue No. 22 make it so global as to render the answer thereto utterly worthless?

I would affirm the judgment because of the finding of contributory negligence; but if found to be in error in that, I would remand the cause in order that the defensive issue in question could be submitted in proper form.