Zearlee WESLEY et vir, Appellants,

v.

Joseph CRAIG, Appellee.

No. 4709.

Court of Civil Appeals of Texas.

Waco.

June 6, 1968.

---

Arthur L. Lapham, Victoria, for appellants.

Kemper Williams, Jr., Cullen, Mallette, Maddin, Edwards & Williams, Victoria, for appellee.

OPINION

WILSON, Justice.

In an intersectional automobile collision case a take-nothing judgment was rendered on a jury verdict. The only point presented by appellant which was preserved in the prerequisite motion for new trial is that there is a conflict between jury findings. We overrule the contention and affirm.

The jury answered three issues to the effect that the collision was proximately caused by defendant's negligence in failing to yield the right-of-way to plaintiff. Three other issues were answered to the effect that the collision was proximately caused by plaintiff's negligence in making "a left-hand turn at a time when such movement could not have been made in safety."

Plaintiff says that since it was established by the first series of findings that she had the right-of-way under Art. 6701d (Secs. 71 and 72) Vernon's Ann.Civ.Stat., the answers to the second series are in conflict with the first group. The argument apparently is that since it was found she had the right-of-way, she had the unqualified right to turn left with impunity in front of defendant's vehicle approaching from her left.

The findings are not in conflict. The statutory right-of-way rule "is not absolute but relative, and is subject to the qualification that a person entitled to claim such right will exercise it with proper regard for the safety of himself and others"; and if "the driver who is under the statutory duty to yield the right-of-way fails to do so, the exercise of ordinary care may require the operator of the other vehicle to yield." McWilliams v. Muse, 157 Tex. 109, 300 S.W.2d 643, 645. The right-of-way findings do not, of themselves, relieve plaintiff of duty, Smith v. Chase, Tex.Civ. App., 405 S.W.2d 450, 452, writ ref. n. r. e., and cases cited; and the findings are therefore not inconsistent.

Affirmed.