**Russell M. PHILLIPS et al., Appellants.**

v.

**O. B. LE GALLEZ, Appellee.**

No. 3692.

Court of Civil Appeals of Texas.

Waco.

Nov. 19, 1959.

Robert E. Burroughs, Centerville, Mac L. Bennett, Jr., Normangee, for appellants.

James C. Brady, San Antonio, John D. Dashiell, Buffalo, for appellee.

WILSON, Justice.

Appellee LeGallez, a building contractor, sued appellants Phillips and Sullivans for a balance alleged to be due under a mechanic's lien contract. Phillips, as owner, executed the contract and note. Sullivan was assignee. LeGallez contracted with Phillips to add rooms to a dwelling and to construct a cafe building and service station for $24,500. This is a non-jury case.

The evidence establishes that Sullivan (who never saw Phillips before, without any investigation and without examining the title to the realty involved) advanced $24,500 to Phillips, the owner, taking an assignment from LeGallez, the contractor, of Phillips' note for that sum and the mechanic's lien for "ten dollars and other valuable consideration."

LeGallez alleged that Sullivan delivered the $24,500 to Phillips to be paid to LeGallez for work under the contract; that he relied on Sullivan to require payment to him; that he completed the improvements; that Phillips was authorized to draw on the sums advanced at will, and was not the agent of LeGallez, but of Sullivan; that Phillips and Sullivan were entitled credits for funds actually spent on the improvements, leaving a balance of the amount sued for.

Sullivan pleaded that after another suit was filed by him against Phillips on the note assigned to him, and for foreclosure of the lien, Phillips conveyed the land to him in consideration of satisfaction and cancellation of the debt. He alleged that at the time of the assignment there was an outstanding superior vendor's lien note for $5,177.10 which he paid in order to protect his mechanic's lien and for which he alternatively sought credit. He asserted the assignment was for a valuable consideration which was not to exceed $24,500, based on amounts actually expended on the construction.

The court found that LeGallez authorized Phillips to negotiate the Sullivan loan and assignment by which the $24,500 was advanced to Phillips; that Phillips had neither actual nor apparent authority to receive the money and Sullivan made no inquiry as to such authority; that LeGallez, under Phillips' instructions, submitted bills to him for labor and material as the work progressed, of which Phillips paid $18,572.46; that Phillips and Sullivan refused LeGallez's demand for payment of the balance due under the mechanic's lien contract; that Phillips forced an entrance to the premises and thereafter occupied and controlled the premises until he conveyed to Sullivan; that Sullivan received rent from the service station lessee at $280 per month for 15 months; that a balance of $5,777.54 was due under the contract for which judgment was rendered against appellants jointly and severally.

The court concluded that Sullivan, being charged with the duty to ascertain Phillips' authority to receive the amount of the loan and having failed to determine he had such authority, paid it to Phillips at his peril, and was entitled to credit only for the $18,572.46 found to have been actually paid to LeGallez. He concluded that by accepting the benefits of the mechanic's lien contract and retaining rentals with knowledge of LeGallez's claim, Sullivans were "bound to plaintiff under the terms of the contract"; and having entrusted the money to Phillips "must stand the injury" to LeGallez. He determined that Sullivan was not entitled to credit for the amount paid to discharge the vendor's lien.

■ Sullivan attacks the judgment because he was not given credit for the amount paid to satisfy the superior vendor's lien outstanding at the time of the assignment in order to protect the mechanic's lien. Sullivan had filed a previous

suit to foreclose the mechanic's lien. In this suit the vendor's lienholder asserted priority and payment having been made by Sullivan, the note and vendor's lien were assigned to him. He also took a deed from Phillips in consideration of cancellation of the mechanic's lien note. Sullivan reasons that the assignment of the mechanic's lien carried with it an implied warranty by LeGallez that it was a superior lien. The instrument recited LeGallez assigned and transferred the note and the lien securing its payment, with all of assignor's "rights, privileges and equities." There is no express covenant.

■ As to the note, no such question is presented by the transfer. Art. 5936, Sec. 66, Vernon's Ann.Tex.Civ.Stats. A covenant is implied only when the express provisions of the contract make it necessary to infer the obligation. 12 Tex.Jur. Sec. 7, p. 11. The statutory implication provided by Art. 1297, Vernon's Ann.Tex.Civ.Stats., is not applicable. The cases cited by appellant on the question of merger do not affect the question. Whether such implied covenant existed as between Phillips, the owner, and Sullivan is not involved. We have to deal here solely with rights of LeGallez, the contractor and Sullivan. LeGallez, by the assignment, made no implied covenant against encumbrances. The point is overruled. 21 C.J.S. Covenants § 9, p. 888.

■ It is contended the judgment was erroneous because the uncontradicted evidence shows the work was not fully completed according to the plans and specifications. The evidence on this issue is not uncontradicted; but the unchallenged findings of the trial court are that Phillips, while LeGallez was demanding payment, made an entrance to the cafe and filling station by forcing locks and raising windows; that he took possession and continued to control the buildings to the exclusion and without consent of appellee until he conveyed to Sullivan, who collected rentals on the filling station for fifteen months. The court correctly concluded ap-

pellants waived the claim. Bratcher v. Moore, Tex.Civ.App., 219 S.W.2d 527; Collins v. Hall, Tex.Civ.App., 161 S.W.2d 311, writ ref. w. m. Appellant says, however, that LeGallez did no work on the residence building, and therefore it could not be said he completed the contract. Admittedly it was agreed that out of the $24,500 Phillips was to make and pay for improvements to the residence and that Phillips—not LeGallez—was to do this work. This point is overruled.

■ It is asserted that since appellee pleaded assignment of the mechanic's lien, which was only an incident of the debt it secured, and since assignment of the Phillips note is not pleaded by appellee, the judgment was erroneous. Appellants each pleaded the assignment of the note, the assignment having been introduced in evidence without objection. Appellants admitted, in response to request, that the assignment of the lien was a valid and subsisting assignment thereof "and the indebtedness evidenced by a note." No error is reflected. Rule 67, Texas Rules of Civil Procedure.

■ Appellants present points as to "the error of the court in rendering judgment against" them because there was insufficient evidence or none to support same, and it is against the great weight and preponderance of the evidence. These points do not present a justiciable issue. McWilliams v. Muse, 157 Tex. 109, 300 S.W.2d 643; Smith v. Dye, Tex.Civ.App., 294 S.W. 2d 452, 459.

Appellants, however, present a difficult problem as to the amount of the judgment. The testimony of LeGallez indicates he received $16,677.56 from Phillips for construction of the improvements, and that unpaid bills for labor and material amounted to $7,822.44 (a total of $24,500). His proof does not support this amount. The court found LeGallez submitted bills for labor and material to Phillips, who paid a portion thereof in the aggregate of $18,572.-46, leaving a balance (a total of $24,350) of

**926**

$5,777.54 due for which judgment is rendered against appellants. It is undisputed that Sullivan left the disbursement of the $24,500 advanced "entirely up to Mr. Phillips' discretion", Phillips was to be "allowed a credit of $4000 against the money" LeGallez was to receive on the contract, with Phillips to do the work on the residence therewith. By agreement, Phillips was to keep records of the accounts. As to Phillips, LeGallez testified, "I gave him that note to do as he pleased with up to $4000." LeGallez's testimony, however, shows he furnished much of the material for improvements to the residence. Approximately $3,250 checks against the $24,500 advanced by Sullivan were drawn to "cash" or to order of Phillips. He testified these were for "incidentals" and that "a good portion of it was used for repairs on the house." Of several items totalling some $1,800 represented by checks to himself, Phillips testified they were for incidentals, which he couldn't account for. His books reflect he disbursed more than $4,000 attributable to improvements to the residence.

■ The unconventional and irregular manner of conducting this transaction from inception to conclusion, must have made it difficult for the trial court, as it is for us, to fit it to any recognized legal pattern. The state of the records kept by Phillips placed an almost insurmountable burden on the trial court to arrive at a proper figure. We have been unable after many tedious computations to find support in the record for the amount of the judgment. The basis for calculation consists of the journal entries by Phillips' bookkeeper, check stubs, invoices and the testimony of the parties. When account is taken of the $4,000 allowance Phillips was entitled to for residential improvements, it appears to us the judgment is for $2,825 more than the evidence supports.

The judgment of the trial court is reformed and affirmed on condition of remittitur of $2,825 within 10 days. Otherwise the judgment will be reversed and the cause remanded.