**J. B. KELLEY, Appellant,**

**v.**

**W. R. GOODRUM et al., Appellees.**

**No. 14308.**

Court of Civil Appeals of Texas.

Houston.

May 7, 1964.

Talbert, Giessel, Cutherell & Barnett, Howell E. Stone, Houston, for appellant.

Bill Allen, Houston, Sam Lee, Angleton, Hill, Brown, Kronzer, Abraham, Watkins & Steely, Houston, Davis, Kee, Mason & Lee, Angleton, of counsel, for appellees.

WERLEIN, Justice.

This suit was brought by appellees, W. R. Goodrum and Judith Goodrum, to recover damages for personal injuries sustained by them when the station wagon which W. R. Goodrum was driving in a southerly direction on Highway 288 at the outskirts of the City of Angleton in Brazoria County, Texas, was struck in the rear by an automobile driven by appellant, J. B. Kelley. Judgment was rendered for appellees against appellant based on the jury findings.

Appellant contends that the trial court erred in refusing to submit his requested Special Issues A and B inquiring whether appellee Goodrum failed to yield the right of way to appellant, and if so, whether such failure was a proximate cause of the collision; and also erred in refusing to submit appellant's requested Special Issues C, D and E inquiring whether immediately before the collision in question appellee Goodrum turned his vehicle upon the roadway at a time when such movement could not be made in safety and, if so, whether such movement was a proximate cause of the collision in question.

It is undisputed that appellant did not see appellees' station wagon pull onto the highway at any time or point, or change its direction, although he was in a position where he could have seen such movement had it been made immediately before the impact. He testified that when he first saw appellees' station wagon it was headed in a southerly direction on Highway 288, going probably between 20 and 30 miles an hour, and that at such time he was about a car length behind it going about 40 miles an hour. He estimated he was going in excess of 30 miles per hour when he struck appellees' station wagon in the rear.

The only purported evidentiary basis for appellant's requested issues is his testimony that W. R. Goodrum said at the scene of the accident that they "had just turned around." Appellant conceded, however, that he did not see any turning move-

ment, and that no mention was made as to where appellees had turned around. No statement regarding a turning movement by the Goodrum station wagon was made by anyone to the investigating officer. Both appellees testified unequivocally that they had not turned around. It seems rather inconceivable that appellees' station wagon had just turned around since at the time it was struck in the rear it was going between 20 and 30 miles per hour in a southerly direction straight along the paved highway. When asked to tell the jury where Goodrum said he turned around, appellant testified that he was unable to tell the jury that. He further testified: "I am not positive that he said he had just turned around at the drive-in, I think I may have concluded what he did." The collision in question was approximately in front of a drive-in that was on the highway. When asked whether or not any statement was made by anybody out there at the scene of the accident that Mr. Goodrum had just turned around, appellant testified: "No, sir, wasn't no statement." When asked whether any statement was made by anybody to the effect that he (Goodrum) had just pulled onto the highway, immediately before getting hit, he testified: "No, sir."

We are of the opinion that the statement made by appellant, to the effect that Goodrum said that they "had just turned around," and that appellant had concluded from what Goodrum said that he had just turned around at the drive-in in front of which the accident occurred, is not only contrary to the evidence adduced at the trial, but constitutes at most a mere scintilla of evidence. It lacked sufficient probative force to warrant the submission of any issues based thereon. The unsupported conclusion of a witness is without probative force to support an issue or finding. Dallas Railway & Terminal Co. v. Gossett, 1956, 156 Tex. 252, 294 S.W.2d 377; Casualty Underwriters v. Rhone, 1939, 134 Tex. 50, 132 S.W.2d 97; McCormick and Ray, Texas Law of Evidence, 2d Ed., Vol. 1, Sec. 31.

■ Furthermore, the court properly refused to submit the requested issues because each of the two series of issues was materially incomplete. The issue of negligence or standard of ordinary care was not included in either of the requested series of issues. Appellant states that such issues are founded upon Article 6701d, Sec. 68(a) of Vernon's Annotated Texas Statutes. It has been held in several decisions in this State with respect to the statutory provisions pertaining to turning movements and right of way, that the issue of negligence or standard of ordinary care must be submitted. Texas & New Orleans Railroad Co. v. Day, 1958, 159 Tex. 101, 316 S.W.2d 402; Missouri-Kansas-Texas Railroad Co. v. McFerrin, 1956, 156 Tex. 69, 291 S.W.2d 931; Warren Petroleum Company v. Thomasson, 5th Cir. 1959, 268 F.2d 5; Williams v. Price, Tex.Civ.App., 308 S.W.2d 185, error ref,, n. r. e.; Booker v. Baker, Tex.Civ.App., 306 S.W.2d 767, writ ref., n. r. e. See also Craker v. City Transportation Company of Dallas, Tex.Civ.App., 316 S.W.2d 447, error ref., n. r. e.

In the McFerrin case, supra, the Supreme Court was confronted with the proper application of a motorist's duty to stop at a railroad grade crossing in accordance with the provisions of Sec. 86, Art. 6701d. The Court held that it was necessary to include the standard of ordinary care with respect to an alleged statutory violation of such provision. The Day case, supra, reaffirmed that the factual determination of whether there is a violation of the statute must be made in the light of the standard of ordinary care. In Warren Petroleum Company v. Thomasson, supra, the United States Circuit Court, 5th Cir., held that the court's charge should have included the standard of the "reasonably prudent driver under the circumstances," with respect to an alleged violation of Section 74 of Article 6701d, which provides: "The driver of a vehicle about to enter or cross a highway from a private road or driveway shall yield the right-of-way to all vehicles approaching on

said highway." In Booker v. Baker, supra, the Court stated:

"In our opinion Article 6701d, sec. 68a and sec. 72, come within the class of statutes in which the common-law standard of the reasonably prudent man must be·used in determining as a matter of fact, not as a matter of law, whether the conduct of a motorist is negligent. The duties imposed by these· particular statutes are not. absolute, they are conditional. They do not dispense with the necessity of a finding of fact . as· to whether the conduct of a motorist was negligent under the circumstances."

See also Williams v. Price, supra, in which the Court approved the submission by the trial court of issues including the standard of ordinary care.·

■ It is our view that appellant, by reason of his failure to include a negligence issue or the applicable standard of ordinary care as a part of the refused special issues, failed to comply with Rule 279, Texas Rules of Civil Procedure, which requires that requested issues must be tendered in substantially correct wording.

·■ ·Appellant contends that there is no evidence in support of the jury's findings that appellant was operating his automobile too closely behind appellees' vehicle and that appellant was driving his automobile at an excessive rate of speed. Since the jury found that appellant failed to keep a proper lookout, and failed to make a proper application of his brakes, and that each such failure was a proximate cause·of the collision, and also · found that appellant's failure to turn to the left was negligence and such negligence was a proximate cause of the collision, we find it unnecessary to discuss appellant's complaints with respect to the submission of issues on following too closely and speed. No complaint whatsoever has been made by appellant with respect to the other findings of primary negligence on his part. Hence the judgment is fully supported by unchallenged findings.' Under these circumstances it is immaterial whether or not appellant was following appellees' vehicle too closely or driving at an excessive rate of speed.

Judgment affirmed.