G. E. KEELIN et al., Appellants,

v.

John M. HAMILTON et al., Appellees.

No. 17099.

Court of Civil Appeals of Texas.

Dallas.

June 14, 1968.

Rehearing Denied July 5, 1968.

Harlan Harper, Jr., of Fanning & Harper, George W. Irwin, of Irwin & Scales, Dallas, for appellants.

Wm. Andress, Jr., of Andress, Woodgate & Condos, Larry M. Lesh, of Locke, Purnell, Boren, Laney & Neely, Dallas, for appellees.

CLAUDE WILLIAMS, Justice.

In the trial court three related actions were consolidated, all arising out of the construction of an apartment house owned by appellee Hamilton. Appellant Keelin (individually and doing business as Southern Decorators of Irving) sued Hamilton and Imperial Enterprises, Inc. (hereinafter called Imperial) seeking damages for breach of an oral contract relating to the furnishing of material and supplies and the performance of labor in connection with the construction of the apartment house. Keelin sought judgment for money damages against both Hamilton and Imperial and also prayed for foreclosure of statutory and constitutional materialmen's and laborers' lien. Hamilton and Imperial answered this suit with a general denial.

Imperial brought its action against Hamilton in which it was alleged that by virtue of an oral contract Hamilton had agreed to pay Imperial the sum of $60,000 for the construction of the apartment house.

Hamilton answered Imperial's suit by alleging certain damages by way of offset and also filed a cross-action seeking to recover on a note and for accounting, rescission, etc.

Dallas Plumbing Company filed its suit against Imperial for labor and materials furnished.

Following consolidation of these suits trial was had before the court and a jury and at the conclusion of the evidence of all

parties the trial court, upon motions, withdrew the case from the jury and granted judgment (1) in favor of Keelin against Imperial in the sum of $1,155, decreeing that Keelin take nothing against Hamilton and removing the purported lien on the title to Hamilton's property; (2) that Dallas Plumbing Company have and recover of the defendant Imperial the sum of $3,375.94 and that it take nothing against the defendant Hamilton; (3) that Imperial take nothing against the defendant Hamilton and that Hamilton recover on his cross-action against Imperial.

From this judgment Keelin and Imperial perfect this appeal. There is no appeal from Dallas Plumbing Company's judgment.

## KEELIN'S APPEAL

In his only point of error on appeal appellant Keelin contends that the trial court should not have granted an instructed verdict against him because there was competent evidence to support the submission of the issue concerning the existence of an oral contract with Hamilton and Imperial. Keelin's petition against Hamilton and Imperial was based upon an oral contract and agreement whereby Keelin agreed to furnish certain material and supplies and to perform certain labor on the apartment project. Keelin alleged that "Defendants and each of them promised to pay him" and that upon such failure and refusal to pay he established both a statutory and constitutional lien on the property in question. In his prayer for relief Keelin sought judgment "against the Defendants and each of them establishing its claim" and foreclosing its lien.

Keelin testified that the oral agreement, together with the preliminary negotiations which led to it, occurred in the office of Hamilton on Irving Boulevard in Dallas where Jack Gattegno, an official of Imperial, maintained offices. Keelin testified that the offices "were open together." He said that he "discussed the job with Mr.

Gattegno and with John Hamilton on what to do" and that thereafter he came to an agreement with reference to the work to be done on the apartment house on Cole Avenue. In this connection he testified:

"Q What was the nature of the work which you agreed to do?

"A They wanted me to furnish the sheetrock."

\* \* \* \* \* \*

"Q All right, let's be more specific.

"A John and Jack, together, we talked about this together, the plans, in the office, you know, together, and they wanted—'they,' John and Jack wanted me to furnish the sheet rock and hang it \* \* \*."

He said that as a result of the conversation between himself and Hamilton and Gattegno an agreement was reached following which he performed the work and provided the material on the project at the request of Hamilton and Gattegno. He said that he relied on them as far as doing the work was concerned stating "I was to satisfy them and they were to pay me." He testified that he completed the job in December 1964 and that it was accepted by Mr. Hamilton. He said that neither Gattegno nor Hamilton had any dispute with him concerning the work and "it was accepted by both of them." According to Keelin this was not the first contract which he had made involving Hamilton; that he was acquainted with Hamilton and had done work for him prior to these negotiations concerning other jobs. On the previous jobs Hamilton had paid him directly. The affidavit, which Keelin filed in support of his statutory lien, stated that "said labor was performed and such material furnished to the said John M. Hamilton and Imperial Enterprises, Inc., under and by virtue of his oral contract with John M. Hamilton and Imperial Enterprises, Inc."

The rule of law is well established in Texas that in passing on the authority of the trial court to instruct a verdict the

appellate court must review the evidence favorable to appellant, disregard all adverse evidence and inferences and indulge every reasonable intendment and inference in favor of the one against whom the instruction was given. Air-Conditioning, Inc. v. Harrison-Wilson-Pearson, 151 Tex. 635, 253 S.W.2d 422 (1952); White v. White, 141 Tex. 328, 172 S.W.2d 295 (1943); Anglin v. Cisco Mortgage Loan Co., 135 Tex. 188, 141 S.W.2d 935 (1940).

■ Our review of the testimony convinces us that there is sufficient evidence of probative force, both direct and circumstantial, to support the issue presented by appellant's pleadings. We cannot agree with appellees' contention that the testimony introduced was nothing more than a scintilla. Under the record here produced it was the duty of the trial court to have submitted the issue to the jury. The instructed verdict was improper. We sustain appellant's point.

### APPEAL OF IMPERIAL

In its original petition against Hamilton, Imperial alleged that it had entered into a contract with Hamilton under the terms of which Hamilton promised and agreed to pay Imperial the sum of $60,000 in consideration of the construction of an apartment house in Dallas. Imperial alleged that it had fully and faithfully performed the contract but had not been paid the full amount of same. In his answer Hamilton, following a general denial, alleged that he paid Imperial the sum of $43,385.56 in cash which, he claimed, more than paid for all of the labor and materials furnished on the job in question. Then, by special defenses, he alleged certain credits and offsets and also sought recovery on a cross-action based upon these and other matters.

At the conclusion of the evidence Imperial tendered two trial amendments, each of which was refused filing by the trial court. The court then withdrew the case from the jury and instructed a verdict in favor of Hamilton and against Imperial.

No complaint is made by Imperial regarding the judgment against it on Hamilton's cross-action.

■ At the beginning of the trial counsel for Imperial dictated into the record, in the presence of the court and counsel, his motion for continuance based upon the absence of Mr. Jack Gattegno, who was alleged to have been the principal witness on behalf of Imperial. The court overruled this motion and appellant assigns this action in one of his points of error on appeal. We overrule the point.

We find no motion for continuance in this record which complies with Rules 251 and 252, of Vernon's Texas Rules of Civil Procedure. The trial court did not abuse its discretion in denying the continuance under the circumstances reflected here.

In three points of error, briefed together, appellant Imperial complains of the action of the court in withdrawing the case from the jury and rendering judgment denying recovery against Hamilton because of the variance between Imperial's pleadings and the proof adduced. It also complains of the action of the court in refusing to permit it to file a trial amendment alleging an alternative cause of action upon a cost plus contract and also an alternative cause in *quantum meruit*. We have carefully considered appellant's contentions, as herein presented, and find the same to be without merit and same must be overruled.

■ As above recited, Imperial's pleadings were general in nature and pled a specific oral contract in the amount of $60,000. Upon the presentation of its case Imperial wholly failed to introduce any evidence concerning a $60,000 contract. There was evidence introduced to demonstrate clearly that there was a contract between Imperial and Hamilton but the exact nature of the contract is left in complete doubt by the character of testimony presented. It would serve no useful purpose, and would extend the length of this opinion, to recite the voluminous testimony sought to be offered on the question of the con-

tract. It is sufficient to say that an analysis of the record as a whole leads to the conclusion that the contract between the parties was an extremely loose one and varied from time to time to meet the particular demands of the moment. Hamilton contended that the contract was upon a fixed price, plus a fee of $1,500 to the contractor. It is undisputed in this record that Hamilton paid approximately the sum of $43,000 to Imperial for the job. There was some evidence introduced to indicate that Imperial had expended the sum of $57,449.29 but it is not shown what part thereof was spent on this particular project.

In this state of the record it is apparent that Imperial completely failed in its effort to prove its contention concerning a specific contract.

■ At the conclusion of the evidence Hamilton moved for an instructed verdict against Imperial based upon the failure of Imperial to prove its case. Thereupon Imperial, in several efforts, attempted to file a trial amendment. In the first tendered amendment Imperial alleged that the contract was for $59,000 and that giving credit for $43,000 it should have judgment for the difference in these sums. In the alternative, Imperial alleged that the contract was a cost plus agreement and that by the terms of which Imperial incurred construction costs in the sum of $57,449.29 and sought judgment for the difference between this sum and the amount paid by Hamilton. The court refused this amendment whereupon Imperial tendered another amendment in which it was alleged that the contract amount was $48,400 and that $43,000 was paid under such contract, leaving a balance due of $5,400. This amendment was likewise refused by the court.

■ Although appellant Imperial contends that the trial court erred in refusing its trial amendment based upon a cause of action in *quantum meruit* it has not pointed to any such amendment nor have we been able to find one wherein this claim is asserted. Accordingly, this contention of appellant must be denied.

■ It is universally recognized that Rule #66, T.R.C.P., which expressly authorizes trial amendments to pleadings, is to be liberally construed in favor of justice. Galaviz v. Langdeau, 352 S.W.2d 352 (Tex. Civ.App., Austin 1961); Butcher v. Tinkle, 183 S.W.2d 227 (Tex.Civ.App., Beaumont 1944, writ ref'd w. m.). However, the law vests in the trial court sound judicial discretion with regard to trial amendments and something more than a request and a refusal must appear before a reviewing court may properly say that the trial court abused its discretion. The action of the trial court is presumed correct and is subject to review only on a showing of an abuse of discretion. Pigg v. International Hospitals, Inc., 421 S. W.2d 169 (Tex.Civ.App., Dallas 1967); Satterfield v. United Auto Supply, Inc., 424 S.W.2d 40, 45 (Tex.Civ.App., Fort Worth 1968). From a review of the voluminous testimony tendered we cannot say that the trial court abused its discretion in denying the various trial amendments tendered by Imperial.

Moreover, the record demonstrates that such action on the part of the trial court in refusing the trial amendments did not result in reversible error. This for the reason that the court rendered judgment in favor of Hamilton and against Imperial upon its cross-action for the sum of $16,-946.25. Imperial does not attack this judgment. This amount is far in excess of any amount that is claimed by Imperial under any of its attempted trial amendments.

We have carefully considered all of appellant Imperial's points of error and finding no reversible error reflected therein, they are overruled.

## JUDGMENT

The judgment of the trial court, insofar as it decrees that G. E. Keelin, individually and doing business as Southern Decorators of Irving, Texas, take nothing against the defendant John M. Hamilton, and that a

purported lien or cloud upon Hamilton's title to the property in question be removed, is reversed and remanded for a new trial. The cost of Keelin's appeal is taxed against appellee Hamilton.

The judgment of the trial court, in all other respects, is affirmed.

Reversed and remanded in part and affirmed in part.