Arthur SAINZ, Appellant,

v.

NANCE BUICK COMPANY, a corporation, Appellee.

No. 5958.

Court of Civil Appeals of Texas.

El Paso.

July 17, 1968.

Hardie, Grambling, Sims & Galatzan, Malcolm Harris, El Paso, for appellee.

## OPINION

CLAYTON, Justice.

This suit was brought by appellee as plaintiff against appellant as defendant, to collect the balance due on a Buick automobile purchased by defendant. Defendant filed a general denial, and a cross-action claiming actual and punitive damages based on alleged breach of warranties and unfair collection practices. Appellee's reply set out certain provisions of the conditional sales contract and alleged that General Motors Acceptance Corporation made all collections and the repossession of the car and was not the agent of appellee.

The case was tried before a jury on special issues. On Issues Nos. 1 and 2 the jury found that the appellant made known to one Marmalejo, an agent for the appellee, his need for an automobile and relied upon the skill and judgment of the latter in the selection of this particular station wagon. The jury was unable to answer Issue No. 3, as to whether the station wagon delivered was reasonably suitable to Sainz' purpose, and No. 4, what amount was owning on the contract of sale. The jury was discharged and the court granted appellee's motion for judgment, resulting in this appeal.

■ This appeal is based on one point of error, reading:

"The District Court erred in withdrawing the case from the jury after submission and argument and granting appellee's motion for judgment."

We find this point of error insufficient under Rule 418, Texas Rules of Civil Procedure, section (b), which reads:

"(b) A statement of the points upon which the appeal is predicated, separately

Williams & Ellington, El Paso, for appellant.

numbered in short form and without argument, and germane to one or more assignments of error when assignments are required. Such points will be sufficient if they direct the attention of the court to the error relied upon and they should ordinarily be so concisely stated that they may appear, separately numbered, on a single page of the brief * * *"

In McWilliams v. Muse, 157 Tex. 109, 300 S.W.2d 643, 646 (1957), it is held:

"Respondent's single point in the Court of Civil Appeals asserts that 'the trial court erred in rendering judgment that the plaintiff take nothing, since the judgment of the court is contrary to the law and the evidence.' This clearly does not comply with the rule requiring that points of error direct the attention of the court to the errors relied upon. Rule 418, Texas Rules of Civil Procedure. It is so general as to encompass any and every error committed by the trial court, and therefore means nothing * * *"

Appellee complains that this insufficient and vague point of error places appellee and this court in the position of examining the entire record for any error whatsoever in either the law or the procedure employed by the court. While we deem this to be true, in an overabundance of caution to safeguard any rights which might be asserted by the appellant, we will briefly discuss allegations made by appellant in his brief.

Appellant asserts that fact questions had arisen from the pleadings and quotes from 3 McDonald's Texas Civil Practice § 11.28, as follows:

"When reasonable men may differ as to the truth of controlling facts, a jury issue is present. The problem, therefore, is to determine when the evidence is sufficient to justify reasonable men in differing. The basic rule is that, upon motion for instructed verdict, the trial court, without passing upon the credibility of witnesses, accepts as true all evidence which, when liberally construed in favor of the adverse party, tends to support such adverse party's contention (as to the truth of the fact propositions on which he relies or the falsity of those urged by the movant); indulges every reasonable inference which can properly be drawn in favor of such opponent's position from the evidence; and discards all contradictory evidence favorable to the movant. If, so viewed, the evidence amounts to more than a scintilla i.e., more than a mere suspicion or speculation that the fact propositions asserted by the opponent might be true or that those urged by the movant might be false, as the case may be, an issue is at least raised."

Appellant's brief then sets out what appellant had paid on the automobile. Appellee in its pleadings took care in setting out what had been owed on the car, the papers for which had been transferred to the General Motors Acceptance Corporation, the balance owing at the time of default and the amount received by sale of the car under the terms of the contract. The remainder then owing was charged back to appellee. Appellant does not show any discrepancy in these amounts, and admits having signed the sale contract, but says in his brief, "At no time was there any discussion of any writing on the back of the instrument which he signed and at no time was there any discussion of a written warranty that appellant was to be bound by." Appellant himself testified, "No sir, I never have taken the trouble to read it." Actually, appellee pleads, on the contract was printed the following statement:

"There are no warranties, expressed or implied, made by either the dealer or the manufacturer on new Buick motor vehicles except the manufacturer's warranty

**782**

against defects in material and workmanship set out below:

"NEW VEHICLE WARRANTY

\*    \*    \*    \*    \*    \*

"This warranty is expressly in lieu of any other warranties, expressed or implied, including any implied warranty of *merchantability* or *fitness for a particular purpose*, and of any other obligations or liability on the part of the manufacturer, and Buick Motor Division neither assumes nor authorizes any other person to assume for it any other liability in connection with such motor vehicle or chassis."

Appellant in his brief further asserts that appellee takes the position that since this is a written contract it is controlling irrespective of "whether said contract arose as a result of fraud, accident, or mistake, or whether or not said contract was ambiguous. These are questions for a jury." But as far as we can find there are no appellant's pleadings to raise these points.

 Finally, as to unfair collection practices, the wife of appellant stated that while she was pregnant, two boys, "A colored boy and a Spanish boy" brought the car to her house and put it in the driveway, and after talking on the telephone to a "Mr. Bryan", they left the car in the street. That she tried to talk to this "Mr. Bryan" three times, but that when he heard her name, he hung up. That this made her very nervous and upset and that she cried and bled a lot and consulted a doctor who gave her shots and a prescription. The doctor did not testify, but her husband testified: "Well, she has been crying a lot, she was hard to get along with, that is bad enough." We consider that the foregoing is insufficient to raise an issue of unfair collection practices.

Appellant's closing statement is: "In our case the judgment does not recite

the reason for granting the motion for judgment. But the pleadings and evidence clearly show that appellant should not be deprived of his right to a trial by jury." We are not in accord with this enveloping statement, overrule appellant's sole point of error, and affirm the judgment of the trial court.

Judgment affirmed.