**W. E. DAVIS et al., Appellants,**

v.

**Fedro GATLIN, Appellee.**

No. 7181.

Court of Civil Appeals of Texas,
Beaumont.

Dec. 31, 1970.

Rehearing Denied Jan. 21, 1971.

Gordon R. Pate, Beaumont, for appellants.

Ken Parker, Richard Evans, Beaumont, Bernie Packard, Vidor, for appellee.

KEITH, Justice.

In this case involving a two-car intersection collision, Davis sued Gatlin for personal injuries and Gatlin filed a cross-action for his damages. The trial court entered judgment in favor of Gatlin from which Davis brings this appeal; and we will speak of the parties by their respective surnames. Although three points are brought forward for review, all involve the same question and will be discussed together.

The jury found, inter alia, (No. 11) that on the occasion in question, Gatlin "was operating his vehicle in excess of the legally posted speed limit"; but, in No. 12 *did not find* that "a person of ordinary prudence in the exercise of ordinary care would not have operated his vehicle in excess of the legally posted speed limit under the same or similar circumstances on the occasion in question." Special Issue No. 13 was submitted contingently upon an affirmative answer to Special Issue No. 11 and independently of the answer to No. 12, and the jury found that the act of Gatlin in operating his vehicle in excess of the legally posted speed limit "was a proximate cause of the collision in question."

Gatlin's motion to enter judgment on the remaining findings, after disregarding the answers to Special Issues Nos. 11 and 13, was granted. Davis' motion for judgment non obstante veredicto, disregarding the answer to Special Issue No. 12, was denied.

In essence, Davis' points assert (1) it was error for the trial court to render judgment in favor of Gatlin since the finding of the jury in answer to Special Issue No. 11 convicted him of negligence as a matter of law; (2) the answer to No. 12 was so against the overwhelming weight and preponderance of the evidence as to be clearly wrong and manifestly unjust; and (3) there being no evidence to support No. 12, and Gatlin having failed to obtain a finding excusing "said action", he was not entitled to recover on the verdict. As to points one and three, we will consider the evidence most favorable to the verdict; while as to point two, we will look to the record as a whole.

Davis does not challenge the findings of the jury to Special Issue No. 9, in which the jury answered "we do not" to a question inquiring if Gatlin "was operating his vehicle at an excessive rate of speed" on the occasion in question; nor does he challenge the remaining findings convicting him of negligence proximately causing the collision and Gatlin's damages.

The existence of the "legally posted speed limit" mentioned in Special Issue No. 11 is very vague in our record. Davis testified that Gatlin was traveling at a speed of approximately sixty miles per hour; his witness, Gibbons, a passenger in his car, placed Gatlin's speed at approximately fifty miles per hour. An outside witness, Flanagan, a taxi driver who was offered by Gatlin, testified that Gatlin was proceeding at "a little more than thirty miles an hour" and that when he first observed Gatlin, "he was going a little better than, or in excess of thirty miles an hour." No ordinance of the City of Beaumont was pleaded or offered in evidence,[1] but the parties do not question the fact that the collision actually occurred within the city limits of Beaumont.

Gatlin, pointing to the lack of evidence as to what governmental entity had posted the "legal speed limit", calls our attention to the language found in Article 6701d, § 171(b), Vernon's Ann.Civ.St.:

"The provisions of this Act declaring maximum or minimum speed limitations shall not be construed to relieve the plaintiff in any action from the burden of proving negligence on the part of the defendant as the proximate cause of an accident."

Similar language was inserted in the parallel provision in the Vernon's Ann.Penal Code, Article 827a, § 8, Subdivision 6, by action of the 47th Legislature in 1941 (Acts, 1941, 47th Leg., Ch. 506, pp. 817–818) [2] and the phrase "prima facie" was inserted before "speed limits" by legislative action in 1951 (Acts, 1951, 52nd Leg., Ch. 346, pp. 589, 591). In 1963, the Penal Code provision was repealed and incorporated into Article 6701d, § 171(b), supra.

An analysis of the series of issues (Nos. 11, 12, and 13) discloses that only No. 12 submitted negligence; but, it must be admitted, so did Special Issue No. 9 on excessive speed. The authors of Texas Pattern Jury Charges, in the Comment following PJC 5.02, suggest the use of the common law submission of the speed issue because of the language found in the statute which we have quoted. The rule so enunciated is in accord with the views of Professor Hodges, Special Issue Submission in Texas (1959), p. 8 [discussing Article 827a, § 8(6), Penal Code], wherein he states:

"This language, it seems clear, renders it necessary that an issue as to speed as negligence must be submitted and answered, even though a rate of speed in excess of the statutory limit has been found."

A similar statement is to be found in Ratliff, "Negligence Per Se in Texas," 41 Tex.Law.Rev. 104, 113 (1962).

Davis advances the theory that the answer to No. 11 is, in contemplation of law, a finding of negligence per se; and, when supported by the answer to No. 13 that such conduct was a proximate cause of the collision, the two answers constitute a

---

1. In a post-submission brief, Gatlin attaches a copy of the ordinance of the City of Beaumont regulating speed and argues that it, in effect, adopts the State regulations. Since neither party pleaded nor proved the contents of the ordinance, we are precluded from giving it any consideration. State ex rel. Osborn v. City

of McAllen, 127 Tex. 63, 91 S.W.2d 688, 692 (1936).

2. "The provisions of this Act declaring speed limits shall not be construed to relieve the plaintiff in any civil action from the burden of proving negligence on the part of the defendant as the proximate cause of any accident."

finding of contributory negligence barring Gatlin's recovery. He suggests that the unusual form of submission is that which *Ratliff* presents in the article previously mentioned (at p. 107). But, the trial court was not seeking brevity since the common law theory of excessive speed was submitted in No. 9. Thus, the series under discussion could have had but one purpose, a separate submission of the statutory violation of the laws regulating speed. So viewed, it was Davis' burden to procure a finding of negligence under § 171(b), supra. Booker v. Baker, 306 S.W.2d 767, 772 (Tex. Civ.App.—Dallas, 1957, error ref. n. r. e.).

We do not find that the authorities cited by Davis [3] are persuasive upon the point under discussion. The statute regulating the speed of motor vehicles is not, because of the inclusion of § 171(b), one designed to set up a standard of conduct so that a finding of a violation of the statute amounts to a finding of negligence per se. It is not a statute, silent as to "civil consequences"; but, instead, has a positive requirement for its invocation in a civil action. See in this connection, Justice Greenhill's review of the authorities to be found in Parrott v. Garcia, 436 S.W.2d 897, 900 (Tex.Sup., 1969). See also, Mundy v. Pirie-Slaughter Motor Co., 146 Tex. 314, 206 S.W.2d 587, 590 (1947). The presence of the quoted phrase likewise renders inapplicable the rule subjecting one who violates the statutory regulation of speed, to the burden of excusing the violation. Cf. Missouri-Kansas-Texas Railroad Co. v. McFerrin, 156 Tex. 69, 291 S.W.2d 931, 939 (1956). See also, Hammer v. Dallas Transit Company, 400 S.W.2d 885, 887 (Tex.Sup., 1966).

The rule which we follow, and that which is required under the statute, is simple: a finding of speed in violation of the statutory minimum is incomplete when it does not include a finding of negligence. See, generally, the following cases: Kelley v. Goodrum, 378 S.W.2d 935, 937 (Tex. Civ.App.—Houston, 1964, no writ); Perkins v. Fisher, 395 S.W.2d 657, 659 (Tex. Civ.App.—Amarillo, 1965, no writ); Londow v. Bergeron, 398 S.W.2d 297, 301 (Tex.Civ.App.—Beaumont, 1966, error ref. n. r. e.). Davis did not procure a finding of negligence and his series was, therefore, incomplete, and insufficient to establish contributory negligence on the part of Gatlin. The form of submission used by the trial court is not to be commended. Having submitted the common law issue on excessive speed (No. 9), the separate submission of the statutory violation, in the form used, increased the possibility of a conflict in the speed issues. Vide, C. & R. Transport, Inc. v. Campbell, 406 S.W.2d 191, 198 (Tex.Sup., 1966).

We have reviewed the evidence in accordance with the rules laid down for our guidance in the much-cited case of In re King's Estate, 150 Tex. 662, 244 S.W.2d 660, 661 (1951), and Davis' evidentiary points are overruled. Finding no error in the record, the judgment of the trial court is in all things affirmed.

3. Davis relies upon Greaber v. Coca-Cola Bottling Works of Dallas, Tex., 98 S.W. 2d 1028, 1030 (Tex.Civ.App.—El Paso, 1936, error dism.); McCormick v. Stowe Lumber Company, 356 S.W.2d 450, 457 (Tex.Civ.App.—Austin, 1962, error ref. n. r. e.); and, 7 Tex.Jur.2d, Automobiles, § 115, p. 450.