Alberto **GARCIA**, Jr. et al., Appellants,

v.

Henry Willie **CALETKA**, Appellee.

No. 732.

Court of Civil Appeals of Texas, Corpus Christi.

Oct. 26, 1972.

Rehearing Denied Nov. 30, 1972.

J. G. Hornberger, Laredo, for appellants.

Cullen, Carsner, Edwards, Williams & Stevenson, Donald E. Edwards, Victoria, for appellee.

OPINION

NYE, Chief Justice.

This is an automobile damage suit brought by Alberto Garcia, Jr., a minor, suing by and through his father as next friend, against Henry Willie Caletka. The collision occurred in Victoria, Texas. The case was tried before a jury resulting in a take-nothing judgment against the plaintiff and a judgment rendered in the amount of $459.37 in favor of the defendant on his cross-action. The plaintiff appeals, but makes no complaint of the sufficiency of the evidence supporting the jury's findings.

The plaintiff alleged that at approximately 11:00 p. m. he was driving his father's vehicle in a westerly direction on Highway 59 within the city limits of Victoria. The minor plaintiff made a left turn in the middle of the block and was hit by the defendant's pickup truck which was travelling east on the same highway. The plaintiff alleged that the defendant was driving his vehicle at an excessive rate of speed; that he failed to keep a proper lookout, and failed to yield the right-of-way to the plaintiff. The defendant in his cross-action, alleged that the plaintiff suddenly and without warning made a left hand turn off the highway and into the path of the defendant's vehicle.

During the trial and a few minutes before both sides closed, the defendant filed an amended pleading to his answer and cross-action wherein he alleged additionally: That the plaintiff was negligent in making a left hand turn into the path of the defendant when the same could not be done with safety, and that such negligence was a proximate cause of the collision in question. Plaintiff's first point of error

is that the trial court abused its discretion in allowing the trial amendment at or near the close of the evidence.

 Rule 66, Texas Rules of Civil Procedure, allows the court to amend the pleadings and suggests that the courts do so freely ". . . when the presentation of the merits of the action will be subserved thereby and the objecting party fails to satisfy the court that the allowance of such amendment would prejudice him in maintaining his action or defense upon the merits . . . ." A trial court is vested with authority to use its sound judicial discretion with regard to permitting trial amendments. Something more than just an objection to the amendment must appear before a reviewing court can say that the trial court has abused this discretion. Herrin Transportation Co. v. Parker, 425 S.W.2d 876 (Tex.Civ.App.—Houston 1st Dist. 1968, n. r. e.) and Keelin v. Hamilton, 430 S.W. 2d 268 (Tex.Civ.App.—Dallas 1968); Rule 66, Tex.R.Civ. P. There has been no showing of an abuse of discretion here. This point is overruled.

 During the course of the trial plaintiff sought to introduce the following letter into evidence:

> "Wed. 22–1970
>
> Mr. Alberto (plaintiff)
>
> I need two estimate how much it cost to fix your car.—Will you please send it to me as soon as possable. I will give it to my insurance co.
>
> Henry Caletka (defendant)
> Rt. 6 Box 90–A
> Victoria, Texas
> 77901"

The defendant objected to the introduction of the letter into evidence and the court sustained the objection. Plaintiff contends in his second point that the letter was an admission against interest and a clear indication that the defendant was responsible for the collision. He argues that the letter shows that the defendant intended to have his insurance company pay for plaintiffs' damages. This point of error is without merit. The record clearly shows that the material portions of the letter were already in evidence. The defendant had previously admitted that he had written a letter to the plaintiff, asking for two estimates on the cost of repairing his vehicle. The only part of the letter that was not in evidence and before the jury, was the last sentence: "I will give it to my insurance co.". This evidence was immaterial and prejudicial in its effect. To have injected the fact that the defendant had insurance would have tended to confuse and mislead the jury and obscure the real issues to be decided by the jury. It is ordinarily error for the plaintiff to mention the fact that the defendant has liability insurance or has no protecting insurance, in the presence of the jury. Such evidence is irrelevant and immaterial and is calculated to work an injury on the opposite party. Myers v. Thomas, 143 Tex. 502, 186 S.W.2d 811 (Tex. Comm'n App. 1945, opinion adopted); see 36 Texas Digest, Trial, for additional authorities. As we view this letter, it was neither an admission or denial of liability. It would have been error to call to the jury's attention the fact that the defendant carried insurance. This point is overruled.

 Appellant's third point complains that the trial court erred in refusing plaintiff's requested special issues. The requested issues were reduced to writing, presented to the trial judge and refused. They were as follows:

> "ISSUE NO. _____
>
> Do you find from a preponderance of the evidence that the defendant, Henry Willie Caletka, failed to yield the right-of-way to the vehicle driven by the minor plaintiff, Alberto Garcia, Jr.?
>
> Answer 'We do' or 'We do Not'
> Answer: _____
>
> If you have answered Issue No. _____, then answer the following issue; otherwise, do not answer the following issue.
>
> ISSUE NO. _____
>
> Do you find from a preponderance of the evidence that the failure of the defendant, Henry Willie Caletka, to yield the right-of-way to the vehicle driven by the minor plaintiff, Alberto Garcia, Jr., was a proximate cause of the occurrence in question.
>
> Answer 'We do' or 'we do not.'
> Answer: _____."

Rule 279 provides in part that " . . . Failure (of the court) to submit an issue shall not be deemed a ground for reversal of judgment, unless its submission, in substantially correct wording, has been requested in writing and tendered by the party complaining of the judgment; . . ." Plaintiff contends that the evidence showed that the plaintiff entered the defendant's lane of traffic at a time when the defendant could have avoided the collision if he had yielded the right-of-way to plaintiffs' vehicle. Although the plaintiff's brief is not clear, his argument indicates that if such issue had been submitted and found favorably for the plaintiff, it would have barred recovery by the defendant on his cross-action.

Art. 6701d, Section 68(a) provides in part: "No person shall . . . turn a vehicle to enter a private road or driveway or otherwise turn a vehicle from a direct course or move right or left upon a roadway unless and until such movement can be made with safety . . . ." Plaintiff contends that irrespective of this statutory duty, if such driver fails to yield the right-of-way, the operator of the other vehicle, in the exercise of ordinary care, may be required to yield the right-of-way to the other vehicle. McWilliams v. Muse, 157 Tex. 109, 300 S.W.2d 643 (1957). Plaintiff's complaint that the defendant failed to yield the right-of-way to his vehicle under such circumstances is a complaint addressed to the failure of the defendant to exercise ordinary care. This statute has been held to be a standard of care statute. See Impson v. Structural Metals, Inc., 15 Tex.Sup.Ct.J. 443 and footnote on p. 444 (1972).

The trial court properly refused to submit the requested issues because the issues were materially incomplete. The issue of negligence or standard of ordinary care was not included as a part of the requested issues. It has been held that in a right-of-way situation the issue of negligence or standard of ordinary care instruction must be submitted. Kelley v. Goodrum, 378 S.W.2d 935 (Tex.Civ.App.—Houston 1st Dist. 1964) and authority therein cited. In the case of Booker v. Baker, 306 S.W.2d 767 (Tex.Civ.App.—Dallas 1957, ref'd n. r. e.), the Court said:

> "In our opinion Articles 6701d, sec. 68a and sec. 72, come within the class of statutes in which the common-law standard of the reasonably prudent man must be used in determining as a matter of fact, not as a matter of law, whether the conduct of a motorist is negligent. The duties imposed by these particular statutes are not absolute, they are conditional. They do not dispense with the necessity of a finding of fact as to whether the conduct of a motorist was negligent under the circumstances."

We therefore hold that the plaintiff, by his failure to include a negligent issue or the applicable standard of ordinary care instruction as a part of the requested special issues, failed to comply with Rule 279, Tex. R.Civ.P., which requires that the requested issues must be tendered in substantially correct wording. The action therefore of the trial court in refusing to submit the requested issues was proper because the issues were materially incomplete. See PJC 6.04, pp. 175–177 and comment. Appellant's points are overruled.

Judgment of the trial court is affirmed.

SHARPE, Justice (concurring).

I agree that reversible error is not presented by any of the three points of error asserted by the appellants, Alberto Garcia, Jr., a minor, and his father Alberto Garcia, Sr., the latter suing both individually and as next friend for his said minor son, and I concur in the judgment of this Court affirming that of the trial court.