Ron WALKER, Appellant,

v.

Sue WHITMAN, Appellee.

No. 2–88–120–CV.

Court of Appeals of Texas,
Fort Worth.

Nov. 2, 1988.

Jacobs & Taylor, Imdad Jatoi, Fort Worth, for appellant.

Sue Whitman, Hurst, pro se.

Before FENDER, C.J., and FARRIS and KELTNER, JJ.

## OPINION

FENDER, Chief Justice.

Appellant, Ron Walker, who was the defendant below, was sued by appellee, Sue Whitman, under the Deceptive Trade Practices Act (DTPA) (*see* TEX.BUS. & COM. CODE ANN. secs. 17.41–17.63 (Vernon 1987)) and on breach of contract. After a nonjury trial the trial court entered judgment on behalf of appellee in the amount of $1,750.00 plus $148.75 in prejudgment interest. Walker appeals this award and asks us to dismiss the case or render judgment in favor of appellant.

We reverse and render.

In August of 1985 appellee purchased a 1979 Ford Fiesta from Rebel Motors. Rebel Motors was a sole proprietorship owned by Gladys Walker. Gladys Walker is the ex-wife of the appellant. They have been divorced since 1976. Appellee purchased the car on a payment plan but received no certificate of title. Later, she attempted to get a certificate of title but her efforts were fruitless. Appellee withheld the final payment on the car of $217.25. Since she did not have the certificate of title and could not renew the registration, she could not drive the car. Appellee sued on the theories that the failure to provide the cer-

tificate constituted a misrepresentation covered under the DTPA and a breach of contract.

The trial judge filed findings of fact and conclusions of law. Among the findings of fact was the following:

8. On the first occasion of Plaintiff's making a payment to Defendant Walker, the latter told Plaintiff that she would receive, as owner, a title to the vehicle which would reflect Rebel Motors as lienholder.

Included in the conclusions of law were the following:

6. Defendant Walker acted on behalf of Rebel Motors with regard to the transaction in question as an agent with power coupled with an interest.

7. Defendant Walker is estopped from asserting any limitation of his liability due to agent status as the result of his inducement of Plaintiff to forebear in taking appropriate action against Rebel Motors due to its breach.

8. Defendant Walker is liable to Plaintiff Whitman for her damages by application of the "main purpose doctrine."

These were the only conclusions of law dealing with the liability of the appellant.

Appellant raises thirteen points of error. In point of error number one, appellant asserts error in granting judgment for the appellee. A point of error so general as to encompass any error committed by the trial court does not comport with the rule requiring points direct the attention of the court to the error relied on. *McWilliams v. Muse*, 157 Tex. 109, 113–114, 300 S.W.2d 643, 646 (1957). We find this point too general and overrule it.

The remaining points of error fall into three basic categories. Points two through five allege the conclusions of law do not conform to the pleadings. Points six through nine state there is no evidence to support conclusions of law numbers six, seven, and eight. Points ten through thirteen assert the trial judge misapplied the law to the case in conclusions six, seven, and eight. While appellant has properly raised error in the trial court with his remaining twelve points of error, we believe that only one true point of error is raised: that there is no basis for conclusions of law six, seven, and eight either in the record or in the findings of fact filed by the trial judge. We will structure our response in this manner rather than to attempt to rule on each of appellant's remaining twelve points.

In examining appellee's pleadings, we find no assertions to put appellant on notice of the theories of his personal liability presented in conclusions of law numbers six, seven, and eight. Appellee's pleadings alleged appellant had advertised goods with the intent of not selling them as advertised. *See* TEX.BUS. & COM.CODE ANN. sec. 17.46(b)(9) (Vernon 1987) (Texas DTPA). The pleadings also alleged a violation of (23) of section 17.46(b), meaning appellant had failed:

[T]o disclose information concerning goods or services which was known at the time of the transaction if such failure to disclose such information was intended to induce the consumer into a transaction into which the consumer would not have entered had the information been disclosed....

TEX.BUS. & COM.CODE ANN. sec. 17.-46(b)(23). Finally, appellee alleged breach of contract on the part of the appellant. The proof introduced at trial showed no basis for the liability of the defendant on any of these grounds. The trial judge made no conclusions of law on these points at all.

At the outset we note that there was no basis for conclusions of law six, seven, and eight in the plaintiff's pleadings. We next look to see whether these issues were even tried. Rule 67 of the Texas Rules of Civil Procedure provides in pertinent part:

When issues not raised by the pleadings are tried by express or *implied consent* of the parties, they shall be treated in all respects as if they had been raised in the pleadings. In such case such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made by leave of court upon

motion of any party at any time up to the submission of the case to the Court or jury, but failure so to amend shall not affect the result of the trial of these issues....

TEX.R.CIV.P. 67 (emphasis added). We find no evidence of expressed consent to the trial of the issues presented in conclusions six, seven, and eight. In determining whether the issues were tried by implied consent, we must examine the record for evidence of trial of the issue rather than evidence of the issue itself. *Wendell v. Central Power and Light Co.*, 677 S.W.2d 610, 618 (Tex.App.—Corpus Christi 1984, writ ref'd n.r.e.). Certainly finding of fact number eight provides some evidence of conclusion of law number seven. However, we find no evidence that appellant induced, by his statements, appellee to forebear some right. Thus, it cannot be said that the parties *tried* the unpleaded issues. Appellant did not have notice of the trial of this issue based on the fact that he made statements to the appellee.

■ Further, we do not even see findings of fact to support conclusions of law numbers six, seven, and eight. In examining the record, we find no findings of fact on any elements of conclusions of law numbers six and eight, and several elements missing to support conclusion of law number seven. Rule 299 of the Texas Rules of Civil Procedure reads:

> Where findings of fact are filed by the trial court they shall form the basis of the judgment upon all grounds of recovery and of defense embraced therein. The judgment may not be supported upon appeal by a presumption of finding upon any ground of recovery or defense, no element of which has been found by the trial court; but where one or more elements thereof have been found by the trial court, omitted unrequested elements, where supported by evidence, will be supplied by presumption in support of the judgment. Refusal of the court to make a finding requested shall be reviewable on appeal.

TEX.R.CIV.P. 299. Conclusions of law which are not based on findings of fact and supported by pleadings will not sustain a judgment. *Light v. Wilson*, 663 S.W.2d 813, 814 (Tex.1983).

■ Both conclusions of law numbers six and eight are not based on any findings of fact and not supported by the pleadings. Thus, these conclusions will not support the judgment. Conclusion of law number seven is not based on any pleadings. It has only finding of fact number eight to support it. As stated before, mere evidence of a statement made by appellant will not support recovery on the theory that agents are estopped from asserting limitations of liability in fraud cases. We find no evidence to support omitted findings of: misrepresentation; appellant's reliance on the misrepresentation; or that the reliance on the misrepresentation was to appellee's detriment. Accordingly, we find that conclusion of law number seven will not sustain the judgment.

Conclusions of law numbers six, seven, and eight were the sole conclusions that established the liability of appellant to appellee. We have found that since they will not sustain the judgment (and find no other evidence in the record of appellant's liability), there is no evidence to establish liability. Thus, we have no choice but to reverse and render this case for the appellant based on an absence of proof of any liability. We note in passing that this decision will not affect any rights plaintiff may have against either Rebel Motors or Gladys Walker as neither were parties to this suit.

The judgment of the trial court is reversed and rendered for the appellant and it is ordered that appellee take nothing in her suit against appellant.